UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL SCOTT FARIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-01175-JAR |
| | ) |
| SERGEANT RYAN J. McCARRICK, *et al.* | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS MCCARRICK, MERKEL AND HARNEY'S
MOTION TO DISMISS**

Comes now Plaintiff Russell Scott Faria, by counsel W. Bevis Schock, Joel Schwartz and Nathan Swanson, and states as his Memorandum in Opposition to Defendants McCarrick, Merkel and Harney's ("these Defendants") Motion to Dismiss:

**BACKGROUND**

This is a 42 U.S.C. 1983 case related to the investigation and prosecution of Plaintiff for the murder of Betsy Faria in Lincoln County, a murder Plaintiff did not commit.

Plaintiff alleges that Defendants fabricated evidence against him, ignored exonerating evidence, and ignored the obvious suspect. Plaintiff has filed a First Amended Complaint and these Defendants now move to dismiss.

**FED.R.CIV.P. 8(a)(2)**

These Defendants assert that Plaintiff's First Amended Complaint is not a "short and plain statement of the claim showing that the pleader is entitled to relief", as required by Fed.R.Civ.P. 8(a)(2) because the First Amended Complaint (a) is 83 pages long, and (b) contains 48 footnotes.

**83 Pages Long**

The length of the First Amended Complaint results from the nature of the conduct by Defendants, and the fact that the underlying criminal case went through years of investigation, many depositions, endless written disclosure, two trials, etc., and so the story is long and involved. While Plaintiff has certainly been quite specific in the details of the pleading, there is no prohibition in the rule about being specific, and the purposes of the pleading is to give notice to the Defendants of the facts and the claims. Plaintiff suggests that such notice is provided properly in the Plaintiff's First Amended Complaint. If Plaintiff had written less perhaps Defendant would argue that the First Amended Complaint did not provide enough information.

Plaintiff notes that to state a claim for relief under § 1983 a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. While there is no heightened pleading standard for cases brought under 42 U.S.C. 1983, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), Plaintiffs are unaware of any dismissals, much less dismissals upheld on appeal, in which the reason for the dismissal was that Plaintiff had told his or her story clearly and in detail but somehow too completely. These Defendants have cited no such cases.

In their Memorandum in Support these Defendants cite to *Kramer & Frank, P.C. v. Wibbenmeyer*, No. 4:05CV2395 RWS, 2006 WL 516842, at *1 (E.D. Mo. Mar. 2, 2006) in which the court found a pleading to be "lengthy, extremely redundant, vague, and filled with conclusory statements" and granted Plaintiff ten days to file an amended pleading. Plaintiff

responds that while the pleading is long, it is not "extremely redundant, vague, and filled with conclusory statements." It is a plain English recitation of the story.

In these Defendants' Motion they also cite Fed. R. Civ. P. 8(a)(3). That Rule requires "a demand for the relief sought." These Defendants do not say how the First Amended Complaint fails to comply with Fed. R. Civ. P. 8(a)(3), and Plaintiff responds that the demands for relief sought are again stated Count by Count in plain English and so the First Amended Complaint is in compliance with that Rule.

### Footnotes

For many years in his 42 U.S.C. 1983 Complaints undersigned counsel has included footnotes to cases which support the existence of the causes of action described therein and which highlight other relevant law.

Undersigned counsel includes these footnotes for two purposes. The first purpose is to save everyone reading the Complaint some time, so that if a reader wishes to dive into the weeds and come to a detailed understanding of the fine points of the causes of action, handy references are available. The second purpose is perhaps to deflect a Fed.R.Civ.P. 12(b)(6) Motion to Dismiss for Failure to State a Claim.

Plaintiff suggests that including footnotes (a) does not violate any specific rule, (b) offers convenience to the court and the litigants, and (c) is "*Much Ado about Nothing*".[1]

See *Claassen v. Gen. Cas. Ins. Co.*, No. 8:13CV328, 2014 WL 360353, at *2 (D. Neb. Feb. 3, 2014) where the court wrote in reference to a Motion to Strike because of footnotes:

> Defendant asserts that the Complaint improperly includes footnotes with citations of cases and statutes.

---

[1] Confer the play by William Shakespeare of the same name, a play filled with jibes and joy leading to a happy ending, and the "merry war" therein between Beatrice and Benedict.

> Defendant has not demonstrated that the challenged portions of the Complaint have no bearing on the subject matter of this litigation or are unduly prejudicial. The challenged passages provide context and background to the claims asserted in this suit.  Given these circumstances, as well as courts' general disfavor of motions to strike, Defendant's motion will be denied.

Although the challenge in *Claasen* was in the form of a Motion to Strike, Plaintiff suggests that the First Amended Complaint passes the  test outlined therein, that is, the footnotes "provide context and background to the claims asserted in this suit" and are not unduly prejudicial.

Plaintiff suggests that the court should deny Defendant's Motion to Dismiss to the extent it squabbles about the inclusion of footnotes.

## COUNT V

These Defendants move to dismiss Count V because there is no cause of action in the 8th Circuit for malicious prosecution.  As these Defendants acknowledge in their Memorandum in Support, Plaintiff addresses this issue in footnote 40 regarding this Count:

> Whether this claim is viable is currently at the briefing stage in the Supreme Court of the United States in *Manuel v. Joliet*, 14-9496, and the rest of this Count presumes that the Supreme Court will rule favorably to Plaintiff's position.  See prior somewhat confusing decision in *Albright v. Oliver*, 510 U.S. 266 (1994).  In the meantime Plaintiff acknowledges that there is no federal claim for malicious prosecution in the Eighth Circuit, *Bates v. Hadden*, 576 F. App'x 636, 639 (8th Cir. 2014).  Plaintiff notes that Plaintiff may need to amend depending on how the Supreme Court rules.

The docket sheet of *Manuel* indicates that on July 13 of this year the Supreme Court set argument for October 5 of this year.  Presumably the Court will rule before the expiration of the Term.

Plaintiff suggests that instead of following these Defendants preferred course of dismissal, that this court simply hold off ruling on this part of these Defendants' Motion until the Supreme Court rules in the matter.  Plaintiff has no position on whether the Court should allow

4

Defendant not to answer those paragraphs until the Supreme Court rules, or should require an answer now.  Plaintiff does believe, however, that this case should not be stopped while everyone awaits the ruling in *Manuel*.

Plaintiff notes that if the Supreme Court were to validate the claim after this court had dismissed the claim, then Plaintiff would have to go through the process of amendment to replace what had been there once but which was then gone.  A circle that would be indeed.

Naturally, if the Supreme Court invalidates the claim, Plaintiff will have no choice but to dismiss Count VI.  Plaintiff suggests that to stop the case in its tracks in the meantime, however, would be to waste judicial resources.

## PRAYER

WHEREFORE, Plaintiff prays the court to deny the part of Plaintiff's motion about Fed. R. Civ. P. 8, to hold in abeyance ruling on the Count VI malicious prosecution question pending a ruling by the Supreme Court on the viability of the Claim, and in the meantime to state whether the these Defendant should have to Answer the allegations in Count VI.

Respectfully submitted,
Co-Counsel for Plaintiff

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

   /s/ Joel J Schwartz   .
Joel J Schwartz, 39066MO
Rosenblum, Schwartz, Rogers and Glass
120 S. Central, Ste. 130
St. Louis, MO  53105
Fax:    314-862-8050

Voice: 314-862-4332

  /s/ Nathan T. Swanson  .
Nathan T. Swanson, 62616MO
Rosenblum, Schwartz, Rogers and Glass
120 S. Central, Ste. 130
St. Louis, MO  53105
Fax:    314-862-8050
Voice: 314-862-4332

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2016 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:
Robert J. Krehbiel
King, Krehbiel, & Hellmich, LLC
2000 S. Hanley Rd.
St. Louis, MO  63144-1524
  /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO

6