UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL SCOTT FARIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No 4:16-CV-01175-JAR |
| SERGEANT RYAN J. MCCARRICK, et al., | ) |
| | ) |
| Defendants. | ) |

### REPLY MEMORANDUM OF DEFENDANTS MCCARRICK, MERKEL, AND HARNEY

Defendants Ryan McCarrick, Michael Merkel, and Patrick Harney filed a motion to dismiss plaintiff's amended complaint (Doc. 7) for failure to comply with Rule 8(a)(2). In addition, defendants moved to dismiss Count V of the amended complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). Motion to dismiss (Doc. 15). Plaintiff Russell Faria filed a memorandum in opposition (Doc. 16). Pursuant to this Court's Local Rule 7-4.01(C), defendants now file their reply memorandum.

### Rule 8(a)

Faria first argues that even though his amended complaint is 83 pages long, it complies with Rule 8(a)'s requirement that it contain a short and plain statement of his claim. In making this argument, Faria asserts that the length of the amended complaint results "from the nature of the conduct by Defendants," which involved "years of investigation, many depositions, endless written disclosure, two trials, etc……" Memorandum in opposition (Doc. 16), p. 2. Faria further asserts that although his allegations are "quite specific in the details of the pleading, there

1

is no prohibition in the rule about being specific, and the purposes of the pleading is (sic) to give notice to the Defendants of the facts and the claims." *Id*.

The allegations in the amended complaint go far beyond those necessary "to give notice to the Defendants of the facts and the claims" asserted against them. For instance, the amended complaint contains lengthy allegations of fact concerning the actions of Officer Hollingsworth, Cpl. Pirtle, Detective Kurkowski, Detective Thurmond, Officer Floyd, Officer McCann, Officer Frye, Officer Reiter, and other law enforcement officers, none of whom are named as defendants in the amended complaint.

Although some allegations setting out background facts might be necessary due to the nature of the claims Faria asserts, the extent of the allegations set out in the amended complaint suggests some purpose other than simply putting defendants on notice of their alleged wrong doing.[1] The fact is that the amended complaint is not a short and plain statement of Faria's claim. Defendants will be hard pressed – and needlessly so – either to admit or deny the allegations against them in the amended complaint's 532 paragraphs. Yet defendants must do so in order to comply with the provisions of Rule 8(b)(1).

Faria also contends that the footnotes contained in his amended complaint are proper because they serve two purposes. First, they will save persons time in understanding "the fine points of the causes of action." Second, the footnotes will perhaps deflect a motion to dismiss for failure to state a claim. Memorandum in opposition (Doc. 16), p. 3.

The fallacy of Faria's two-fold contention is that a complaint is a pleading that is supposed to "provide the defendant with fair notice of what the plaintiff's claim is and the

---

[1] The amended complaint even begins with an "introduction," which is identified as "not part of the first amended complaint." If it is not part of the amended complaint, then the introduction cannot be intended to give notice to defendants of the facts and claims Faria asserts against them.

2

grounds upon which it rests." *Adams v. American Family Mutual Insurance Co.,* 813 F.3d 1151, 1154 (8th Cir. 2016), quoting *Gomez v. Wells Fargo Bank, NA,* 676 F.3d 655, 665 (8th Cir. 2012)..  A complaint is not a law review article.

In responding to the amended complaint, defendants must both state in short and plain terms their defenses to each of Faria's claims and admit or deny the allegations that Faria asserts against them.  F.R.Civ.P. 8(b)(1).  There is no provision in Rule 8(b)(1) for responding to case citations and discussions of law contained in the 48 footnotes included in the amended complaint.  No doubt that is why Judge Perry observed that footnotes with case citations "are not appropriate in a federal complaint."  *Klopfenstein v P&C Creative Investments, LLC*, Mo. 1:07-CV-47-CDP, 2007 WL 2507779, *2 (E. D. Mo. 2007).  Accord *Torres v. Goddard*, No. CV-06-2482-PHX-SMM, 2008 WL 1817994, *1 (D. Az. 2008) (district court granted defendants' motion to strike a footnote from a complaint because allegations contained in a footnote had no essential or important relationship to the claim for relief; in compliance with F.R.Civ.P. 8(a)(2), any allegation having an essential or important relationship to the claim for relief should be included in the body of the pleading).  Defendants cannot respond to footnotes containing case citations and discussions of legal theory because those footnotes do not contain allegations asserted against defendants that they can either admit or deny.  See F.R.Civ.P. 8(b)(1).

Faria further argues that defendants cite Rule 8(a)(3) but "do not say how the First Amended Complaint fails to comply with [that rule]."  Memorandum in opposition (Doc. 16), p. 3.  In fact, neither the motion to dismiss nor the memorandum in support cites Rule 8(a)(3).  Accordingly, this argument is irrelevant.

The amended complaint is not a short and plain statement of Faria's claim against defendants and therefore it does not comply with Rule 8(a)(2).  For that reason, this Court should

grant defendants' motion to dismiss the amended complaint, with leave allowing Faria to file a second amended complaint that complies with the rule.

## Count V

In opposing defendants' motion to dismiss the federal malicious prosecution claim in Count V for failure to state a claim, [2] Faria suggests that this Court hold in abeyance a ruling on this portion of defendants' motion until the United States Supreme Court has issued a ruling on the Seventh Circuit case, *Manuel v City of Joliet*, 590 Fed. Appx. 641 (7th Cir. 2015), cert. granted, 136 S. Ct. 890 (Jan. 15, 2016). Of course, there is no way of knowing whether the Supreme Court will actually rule on the issue presented in that case on the merits or if there will even be a full court to hear the matter. What is certain at this time is that there is no federal cause of action for malicious prosecution in this Circuit.  E.g., *Bates v. Hadden,* 576 Fed. Appx. 636, 639 (8th Cir. 2014).  It follows that Count V fails to state a claim.

Faria's belief that "this case should not be stopped while everyone awaits the ruling in *Manuel*" is without merit.  Faria knew when filing both the original and amended complaints that the claim contained in Count V is contrary to existing Eighth Circuit law.  Accordingly, this Court should dismiss Count V because it fails to state a claim.

---

[2] In his opposition memorandum, Faria refers to both Counts V and VI with regard to the federal malicious prosecution claim.  Memorandum in opposition (Doc. 16), pp. 4-5.  To avoid unnecessary confusion, defendants note that their motion to dismiss for failure to state a claim is directed solely at Count V of the amended complaint, which contains the federal claim for malicious prosecution against defendants McCarrick and Merkel.  Defendants have not moved to dismiss Count VI of the amended complaint for failure to state a claim.  See Motion to dismiss (Doc. 15), ¶ 4; Memorandum in support (Doc. 15-1), pp. 3-4.

Respectfully submitted,

KING, KREHBIEL & HELLMICH, LLC


By: __/s/ Robert J. Krehbiel_____
ROBERT J. KREHBIEL #28616MO
2000 South Hanley Road
St. Louis, MO  63144-1524
Phone:  (314) 646-1110
FAX:    (314) 646-1122
E-Mail: rkrehbiel@kkhhb.com
*Attorneys for Defendants McCarrick, Merkel, and Harney*


## CERTIFICATE OF SERVICE

    I hereby certify that on September 29, 2016 a true and accurate copy of the foregoing was filed electronically using the Court's e-filing system, which sent notification of the filing to:  <u>All Counsel of Record</u>.


    __/s/Robert J. Krehbiel_____