## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL SCOTT FARIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-cv-01175-JAR |
| | ) | |
| RYAN J. McCARRICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is pending before the Court on Defendants Ryan McCarrick, Michael Merkel, and Patrick Harney's Motion to Dismiss (Doc. 15); Defendants Leah Askey and Lincoln County, Missouri have joined in the motion (Docs. 21, 24). In his 83-page amended complaint, Plaintiff Russell Scott Faria seeks redress under 42 U.S.C. § 1983 based on Defendants' allegedly unconstitutional conduct during their investigation of, and prosecution of Plaintiff for, the December 2011 murder of Plaintiff's wife, Betsy Faria (Doc. 7). As relevant to this motion, Plaintiff's complaint, as amended, purports to assert a claim of malicious prosecution, under either the Fourth or Fourteenth Amendment, against Defendants McCarrick, Merkel, and Harney ("Count V"). More specifically, in Count V, Plaintiff alleges that Defendants McCarrick, Merkel, and Harney maliciously instituted a murder charge against him without probable cause that he had been involved in Betsy's death, that he was ultimately acquitted of that charge, and that he was deprived of his liberty as a result of the charge (Id. at ¶¶ 515-524). Defendants now move (1) to dismiss Plaintiff's amended complaint in its entirety for failure to comply with Federal Rule of Civil Procedure 8(a)(2) (pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); and (2) to

dismiss Count V for failure to state a viable claim under § 1983. The motion is fully briefed and ready for disposition. For the following reasons, the Court will deny the motion in part, and hold the motion in abeyance in part.

## I.   "Short and plain statement" standard

Defendants first move to dismiss Plaintiff's amended complaint in its entirety, arguing that—at 83 pages in length—it is neither short nor plain (Docs. 15, 15.1, 19). Federal Rule of Civil Procedure 8(a)(2) requires that civil complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must show that the pleader is entitled to relief, in order to give the defendant fair notice of what the claims are and the grounds upon which they rest. Twombly, 550 U.S. at 555. In the complaint, a plaintiff must include sufficient factual information to provide the grounds on which his claims rest, and to raise a right to relief above a speculative level. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Twombly, 550 U.S. at 562. This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

In support of their motion to dismiss, Defendants argue that Plaintiff's amended complaint is neither short nor plain, and they cite to cases in which district courts have dismissed complaints that were, inter alia, "lengthy, extremely redundant, vague, and filled with conclusory

statements" (Doc. 15.1). Having reviewed Plaintiff's amended complaint in its entirety, the Court notes that it contains numerous extraneous factual allegations which do not appear to be relevant to any of Plaintiff's claims, and that it also includes factual allegations in significantly greater detail than is necessary to state a claim upon which relief can be granted. The Court further notes that Defendants have not specifically identified any factual allegations to which they object, nor have they moved to strike the amended complaint or any portion thereof, see Fed. R. Civ. P. 12(f) (the Court may—sua sponte or on motion by a party—strike from a pleading, inter alia, any redundant, immaterial, impertinent, or scandalous matter). Rather, Defendants seek dismissal of the amended complaint, in its entirety, based on its overall length and level of detail; in so doing, Defendants essentially ask the Court to place the burden on Plaintiff to identify any extraneous factual allegations, and to omit them from a second amended complaint. Plaintiff's amended complaint is long and detailed, names several defendants, and contains several superfluous factual allegations; however, his complaint allegations are clearly stated, easily understood, and sufficiently place Defendants on notice of the nature of the claims against them. See Davis v. Boylan, No. 16-2604, 2016 WL 6595969, at *1 (8th Cir. Nov. 8, 2016) (unpublished per curiam opinion). The Court will therefore deny Defendants' motion to dismiss the amended complaint for failure to comply with Rule 8(a)(2).

## II.  Plaintiff's Malicious Prosecution Claim

Defendants also seek dismissal of Count V of Plaintiff's amended complaint for failure to state a claim, arguing that the Eighth Circuit Court of Appeals does not recognize malicious prosecution as a constitutional tort actionable under § 1983 (Docs. 15, 15.1, 19). Plaintiff opposes dismissal of Count V, and asks that the Court defer ruling on Plaintiff's motion pending the United States Supreme Court's resolution of Manuel v. Joliet, 14-9496 (U.S.). In Manuel, the

Supreme Court granted a writ of certiorari on the issue of "whether an individual's Fourth Amendment right to be free from unreasonable seizure continues beyond legal process so as to allow a malicious prosecution claim based upon the Fourth Amendment." <u>Id.</u> (Jan. 15, 2016). The case is fully briefed, and the Supreme Court heard oral arguments on October 5, 2016. <u>Manuel</u> squarely presents the issue of whether Plaintiff can state a viable claim of malicious prosecution under § 1983. As such, the Court will hold Defendants' motion to dismiss in abeyance to the extent it seeks dismissal of Count V for failure to state claim, pending the Supreme Court's resolution of <u>Manuel</u>. The Court notes that Defendants will not be prejudiced by the abeyance, as they will not be required to undertake, or submit to, any additional discovery relating to Count V as this matter otherwise proceeds.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 15) is **DENIED IN PART AND HELD IN ABEYANCE IN PART**. Defendants' motion is denied without prejudice to the extent it seeks dismissal for lack of a short and plain statement under Rule 8(a)(2). To the extent it seeks dismissal of Count V for failure to state a claim, the motion will be held in abeyance pending the Supreme Court's resolution of <u>Manuel v. Joliet</u>, 14-9496 (U.S.).

**IT IS FURTHER ORDERED** that the parties are directed to notify the Court within ten (10) days of the United States Supreme Court's resolution of <u>Manuel v. Joliet</u>, 14-9496 (U.S.).


_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**


Dated this 3rd day of January, 2017.

4