UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL SCOTT FARIA, | |
| Plaintiff, | |
| v. | CASE NO. 4:16-cv-01175-JAR |
| SERGEANT RYAN J. MCCARRICK, DETECTIVE MICHAEL MERKEL, DETECTIVE PATRICK HARNEY, PROSECUTING ATTORNEY LEAH ASKEY, | |
| Defendants. | |

## DEFENDANT LEAH ASKEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Lincoln County Prosecuting Attorney, Leah Askey (hereinafter "Answering Defendant"), by counsel, and for her answer and affirmative defenses to Plaintiff's First Amended Complaint, states and alleges as follows:

1.      Plaintiff's First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted, and therefore, the same should be dismissed at Plaintiff's costs.

2.      All allegations and averments contained in Plaintiff's First Amended Complaint are hereby denied unless specifically admitted or otherwise addressed herein.

## INTRODUCTION--NOT PART OF THE FIRST AMENDED COMPLAINT[1]

3.     In response to Plaintiff's introduction, Answering Defendant states the unnumbered paragraphs therein purport to state legal conclusions and an argumentative summary of the allegations in the Complaint to which no response is required.  However, to the extent the statements contained therein may be construed to allege a claim or cause of action against the Answering Defendant, the same are denied.

4.     Answering Defendant objects to all of Plaintiff's footnotes as they are argumentative, state legal conclusions, misconstrue and misstate the law.  To the extent any footnote may be construed to state facts or allegations against Answering Defendant, they are denied and Answering Defendant respectfully requests the Court strike and/or disregard footnotes 1-48 of the First Amended Complaint.

## PARTIES

5.     Answering ¶ 1 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

6.     Answering ¶¶ 2, 3 and 4, Answering Defendant admits these allegations based on information and belief.

7.     Answering ¶ 5 of Plaintiff's First Amended Complaint, Answering Defendant admits only that she is the elected prosecuting attorney for Lincoln County, Missouri.  All other allegations and averments are denied.

---

[1] Answering Defendant objects to Plaintiff's headings and subheadings as they are argumentative, contain legal conclusions and attempt to allege facts.  Due to the voluminous nature of the First Amended Complaint, for the Court's and parties' convenience, Plaintiff's headings and subheadings are used herein.  Their use is not to be considered an acknowledgement of their truth or veracity, and to the extent they may be construed to allege fact, they are denied.

8.      Answering Defendant denies the allegations and averments made and contained in ¶ 6 (including all subparagraphs) in the First Amended Complaint.

9.      Answering Defendant admits, on information and belief, the allegations and averments made and contained in ¶ 7 of the First Amended Complaint.

## SUBJECT MATTER JURISDICTION

10.     Answering Defendant denies the allegations and averments made in ¶ 8 of the First Amended Complaint.

## VENUE

11.     Answering Defendant denies the allegations and averments made and contained in ¶ 9 of the First Amended Complaint.

## COLOR OF STATE LAW

12.     Answering ¶ 10 of the First Amended Complaint, Answering Defendant admits only that each and every one of her actions were lawful and taken in the course and scope of her employment as the duly elected Prosecuting Attorney for Lincoln County, Missouri, and were taken under the authority of the law.

## JURY DEMAND

13.     Answering ¶ 11 of the First Amended Complaint, Answering Defendant also demands a jury trial on all issues so triable herein.

## FACTS

### Marriage of Betsy Faria-Murder of Betsy Faria

14.     Answering ¶¶ 12, 13, 14 and 15 of the First Amended Complaint, Answering Defendant states that the allegations and averments made and contained therein do not purport to state claims or causes of action against Answering Defendant, and therefore a response is not required.  However, to the extent those allegations and averments are construed to allege a claim or cause of action against Answering Defendant, the same are denied.

### Location of Mr. Faria at Relevant Times—Consistent Story[2]

15.     Answering ¶¶ 16, 17, 18, 19, 20, 21 (including all subparagraphs), 22, 23, 24, 25, 26, 27, 28 and 29 of Plaintiff's First Amended Complaint, Answering Defendant states that the allegations and averments made and contained therein do not purport to state facts or a cause of action against Answering Defendant, and therefore no response is required.  However, to the extent the allegations and averments made and contained therein may be construed to allege a claim or cause of action against Answering Defendant, the same are denied.

16.     Answering ¶ 30 of Plaintiff's First Amended Complaint, Answering Defendant admits that allegation.

17.     Answering ¶ 31, including all subparagraphs, Answering Defendant admits only Mr. Faria's 911 call speaks for itself.  To the extent those allegations and averments are construed to allege a claim or cause of action against Answering Defendant, the same are denied.

18.     Answering ¶¶ 32, 33 (including all subparagraphs), 34, 35 and 36 of Plaintiff's First Amended Complaint, Answering Defendant denies those allegations and averments.

---

[2] See Footnote #1

4

**Story of Criminal Investigation:  Mr. Faria jailed, Tried, Found Guilty, Appellate Remand[3]**

19.     Answering ¶¶ 37, 38 and 39 of Plaintiff's First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, they are denied.

20.     Answering Defendant admits the allegations and averments made and contained in ¶ 40 of Plaintiff's First Amended Complaint.

21.     Answering ¶ 41 of Plaintiff's First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

22.     Answering Defendant admits the allegations and averments made and contained in ¶¶ 42, 43, 44, 45 and 46 of the First Amended Complaint.

23.     Answering ¶ 47 of Plaintiff's First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations, and therefore, at this time, same are denied.

24.     Answering Defendant admits the allegations and averments made and contained in ¶ 48 of the First Amended Complaint.

25.     Answering Defendant denies the allegations and averments made and contained in ¶ 49 of the First Amended Complaint.

26.     The Answering Defendant admits the allegations and amendments made and contained in ¶¶ 50 and 51 of the First Amended Complaint.

---

[3] See Footnote #1.

27.     Answering ¶ 52 of Plaintiff's First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

28.     Answering ¶ 53 of the First Amended Complaint, Answering Defendant states only that the Court of Appeal decision of February 24, 2015 speaks for itself, and all other allegations made and contained therein are denied.

### Order for New Trial, Bail, Second Trial, Not Guilty Verdict[4]

29.     Answering ¶¶ 54 and 55 of the first Amended Complaint, Answering Defendant admits these allegations.

30.     Answering ¶¶ 56, 57 and 58 of the First Amended Complaint, Answering Defendant states she is without sufficient information or knowledge to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

31.     Answering Defendant admits the allegations and averments made and contained in ¶¶ 59 and 60 of the First Amended Complaint.

32.     Answering Defendant denies the allegations and averments made and contained in ¶ 61 of the First Amended Complaint.

---

[4] See Footnote #1.

## Night of the Murder Investigation—Timing[5]

33.     Answering ¶ 62 (including all subparagraphs) of the First Amended Complaint, Answering Defendant states Mr. Faria's 911 call speaks for itself and all other allegations and averments made and contained therein are denied.

34.     Answering ¶¶ 63, 64, 65, 66 (including all subparagraphs), 67, 68 (including all subparagraphs), 69, 70 (including all subparagraphs), 71, 72 and 73 (including all subparagraphs), Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

## Mr. Faria as Law Enforcement's Immediate and Only Suspect[6]

35.     Answering Defendant denies the allegations and averments made and contained in ¶ 74 of the First Amended Complaint.

## Questioning of Mr. Faria at Station—All Evidence Consistent with Alibi[7]

36.     Answering ¶¶ 75, 76 (including all subparagraphs), 77, 78 (including all subparagraphs), and 79, Answering Defendant is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

37.     Answering ¶¶ 80, 81 and 82, Answering Defendant, based on information and belief, admits those allegations.

38.     Answering ¶¶ 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95 (including all subparagraphs), 96, 97, 98, 99 (including all subparagraphs), 100, 101, 102, 103, 104, 105, 106

---

[5] See Footnote #1.
[6] See Footnote #1.
[7] See Footnote #1.

(including all subparagraphs), 107, 108 (including all subparagraphs), 109, 110 (including all subparagraphs) and 111, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

**No Blood or Flesh on Clothes or Under Fingernails, No Victim DNA on Foot Swabs[8]**

39.     Answering ¶¶ 112, 113, 114, 115, 116, 117, 118 and 119 of Plaintiff's First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

40.     Answering ¶ 120 of the First Amended Complaint, Answering Defendant admits only that evidence was properly disclosed to criminal defense counsel.  All other allegations and averments made and contained therein are denied.

41.     Answering Defendant admits the allegations and averments made and contained in ¶ 121 of the First Amended Complaint.

42.     Answering ¶¶ 122, 123, 124, 125, 126, 127 and 128 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

---

[8] See Footnote #1.

**Late Disclosed Evidence Regarding Kitchen Clean-up, Contradictory Evidence[9]**

43.     Answering Defendant denies the allegations and averments made and contained in ¶ 129 of the First Amended Complaint.

44.     Answering ¶ 130 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

45.     Answering Defendant denies the allegations and averments made and contained in ¶ 131 of the First Amended Complaint.

46.     Answering ¶¶ 132, 133, 134, 135, 136, 137, 138 and 139 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

47.     Answering Defendant admits the allegations and averments made and contained in ¶ 140 of the First Amended Complaint.

48.     Answering Defendant denies the allegations and averments made and contained in ¶ 141 of the First Amended Complaint.

49.     Answering ¶ 142 of Plaintiff's First Amended Complaint, Answering Defendant states the allegations and averments made and contained therein purport to state legal conclusions to which no response is required.  However, to the extent those allegations purport to state a claim or cause of action against Answering Defendant, the same are denied.

50.     Answering Defendant admits the allegations and averments contained in ¶ 143 of the First Amended Complaint.

---

[9] See Footnote #1.

51.      Answering Defendant denies the allegations and averments made and contained in ¶¶ 144 and 145 of the First Amended Complaint.

52.      Answering ¶¶ 146, 147 and 148 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

**Black Leather Gloves[10]**

53.      Answering ¶¶ 149, 150, 151, 152 and 153 of Plaintiff's First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

54.      Answering Defendant denies the allegations and averments made and contained in ¶¶ 154, 155 and 156 of Plaintiff's First Amended Complaint.

55.      Answering ¶ 157 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments contained therein, and therefore, at this time, the same are denied.

**Alleged Dog Print-Prosecuting Attorney Askey Refuses Blood Test on Paw[11]**

56.      Answering ¶¶ 158, 159, 160 (including all subparagraphs), 161 and 162, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

57.      Answering Defendant denies the allegations and averments made and contained in ¶¶ 163, 164, 165 and 166 of Plaintiff's First Amended Complaint.

---

[10] See Footnote #1.
[11] See Footnote #1.

58.     Answering ¶¶ 167, 168 and 169 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

59.     Answering Defendant admits the allegations and averments made and contained in ¶ 170 of the First Amended Complaint.

60.     Answering Defendant denies the allegations and averments made and contained in ¶ 171 of the First Amended Complaint.

61.     Answering ¶¶ 172 and 173 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

### Polygraph of Mr. Faria[12]

62.     Answering ¶¶ 174, 175, 176 (including all subparagraphs), 177, 178, 179, 180 (including all subparagraphs), 181 (including all subparagraphs), 182 and 183 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

63.     Answering Defendant denies the allegations and averments made and contained in ¶ 184 of the First Amended Complaint.

64.     Answering ¶ 185 (including all subparagraphs), Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

---

[12] See Footnote #1.

65.     Answering ¶ 186 of the First Amended Complaint, Answering Defendant admits only that the document was submitted to Mr. Faria criminal defense counsel.

66.     Answering Defendant admits the allegations and averments made and contained in ¶ 187 of the First Amended Complaint.

67.     Answering ¶ 188 (including all subparagraphs), 189, 190, 191 and 192, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

68.     Answering Defendant admits the allegations and averments made and contained in ¶¶ 193 and 194 of the First Amended Complaint.

69.     Answering ¶¶ 195, 196 and 197 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

70.     Answering ¶ 198 of the First Amended Complaint, Answering Defendant states the allegations and averments made and contained therein purport to state a legal conclusion to which no response is required, however, to the extent the allegations and averments made and contained therein purport to state a claim or cause of action against Answering Defendant, the same are denied.

**At approximately 4:30 p.m. in Lake St. Louis Mr. Faria Placed in Handcuffs[13]**

71.     Answering ¶¶ 199 and 200 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

---

[13] See Footnote #1.

72.     Answering Defendant denies the allegations made and contained in ¶ 201 of the First Amended Complaint.

73.     Answering ¶¶ 202 and 203 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

### Pursuant to Warrant Clothing and Fingernail Clippings Seized[14]

74.     Answering ¶¶ 204 and 205 of the First Amended Complaint, Answering Defendant states based on information and belief, those allegations are admitted.

### Release of Mr. Faria, Askey Seeks More Evidence in Order to Charge Mr. Faria[15]

75.     Answering ¶ 206 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

76.     Answering Defendant denies the allegations and averments made and contained in ¶ 207 (including all subparagraphs) of the First Amended Complaint.

### Nature of "Blue Star" Test[16]

77.     Answering ¶ 208 of the First Amended Complaint, Answering Defendant states based on information and belief, those allegations are admitted.

78.     Answering ¶ 209 (including all subparagraphs), 210, 211, 212, 213 and 214 of the First Amended Complaint, Answering Defendant states she is without sufficient information to

---

[14] See Footnote #1.
[15] See Footnote #1.
[16] See Footnote #1.

admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

## Search for Blood Clean-up[17]

79.     Answering ¶ 215 (including all subparagraphs), Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

80.     Answering Defendant admits the allegations and averments made and contained in ¶ 216, 217 and 218 of the First Amended Complaint.

81.     Answering ¶ 219 (including all subparagraphs) of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

## No Blood on the Tiles[18]

82.     Answering ¶¶ 220, 221, 222 and 223, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

83.     Answering Defendant admits the allegations and averments made and contained in ¶ 224 of the First Amended Complaint.

---

[17] See Footnote #1.
[18] See Footnote #1.

**Testimony and Evidence Regarding the Search and Luminesence Test[19]**

84.     Answering ¶¶ 225, 226 (including all subparagraphs), 227 and 228 (including all subparagraphs), Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

85.     Answering Defendant admits the allegations and averments made and contained in ¶¶ 229 and 230 of the Plaintiff's First Amended Complaint.

86.     Answering ¶¶ 231 (including all subparagraphs), 232 (including all subparagraphs), 233, 234, 235, 236 (including all subparagraphs), 237 and 238 of Plaintiff's First Amended Complaint, Answering Defendant states that the referenced testimony and documents speak for themselves, and all other allegations and averments made and contained therein are denied.

87.     Answering Defendant admits the allegations and averments made in ¶ 239 of the First Amended Complaint.

88.     Answering ¶¶ 240, 241, 242, 243, 244, 245 and 246 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

89.     Answering ¶ 247 of the First Amended Complaint, Answering Defendant admits only that she produced photographs to Mr. Faria's criminal defense counsel.  All other allegations and averments made and contained therein are denied.

---

[19] See Footnote #1.

90.     Answering ¶¶ 248, 249, 250, 251 and 252 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

91.     Answering ¶¶ 253 (including all subparagraphs) of the First Amended Complaint, Answering Defendant admits only the transcript of the first trial speaks for itself, and all other argumentative allegations are denied.

92.     Answering Defendant denies the allegations and averments made and contained in ¶¶ 254 and 255 of the First Amended Complaint.

93.     Answering ¶ 256 (including all subparagraphs), of the First Amended Complaint, Answering Defendant admits only that the trial testimony speaks for itself and all other allegations and averments made and contained therein are denied.

94.     Answering Defendant denies the allegations and averments made and contained in ¶ 257 of the First Amended Complaint.

**Details of Probable Cause Statement – Para. G[20]**

95.     Answering Defendant admits the allegations and averments made and contained in ¶¶ 258 and 259 of the First Amended Complaint.

96.     Answering ¶ 260 (including all subparagraphs) and 261 of the First Amended Complaint, Answering Defendant admits only that the probable cause statement speaks for itself, and all other allegations and averments made and contained therein are denied.

97.     Answering Defendant denies the allegations and averments made and contained in ¶¶ 262, 263 and 264 of the First Amended Complaint.

---

[20] See Footnote #1.

**On Inference, Prosecuting Attorney Aware Luminesence Inconsistent with Clean Up[21]**

98.     Answering Defendant denies the allegations and averments made and contained in ¶¶ 265, 266 and 267 of the First Amended Complaint.

**Mr. Faria Not Released Even When Defendants Knew Para G. to be False[22]**

99.     Answering Defendant denies the allegations and averments made and contained in ¶¶ 268, 269 (including all subparagraphs) and 270 of the First Amended Complaint.

**Nature of Faria Marriage-Cruise, Improving[23]**

100.    Answering ¶¶ 271, 272, 273, 274, 275, 276, 277 and 278 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

**IGNORING OBVIOUS SUSPECT-PAMELA MARIE HUPP[24]**

**Betsy Faria Makes Pamela Marie Hupp Beneficiary of Life Insurance Policy[25]**

101.    Answering ¶¶ 279, 280, 281, 282 (including all subparagraphs) and 283 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

---

[21] See Footnote #1.
[22] See Footnote #1.
[23] See Footnote #1.
[24] See Footnote #1.
[25] See Footnote #1.

**Whereabouts of Betsy Faria and Pamela Marie Hupp-Cell Phone Records[26]**

102.     Answering ¶¶ 284 (including all subparagraphs), 285 and 286 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

103.     Answering ¶ 287 (including all subparagraphs) of the First Amended Complaint, Answering admits only that all deposition and trial testimony speaks for itself and all other allegations and averments made and contained therein are denied.

104.     Answering ¶ 288 (including all subparagraphs), 289, 290, 291, 292, 293 and 294 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

105.     Answering ¶¶ 295 (including all subparagraphs), 296 (including all subparagraphs), 297 and 298 of the First Amended Complaint, Answering Defendant admits only that the written reports and the deposition and trial testimony speaks for themselves, and all other allegations and averments made and contained therein are denied.

106.     Answering ¶¶ 299, 300 and 301 (including all subparagraphs), Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

107.     Answering ¶ 302 of the First Amended Complaint, Answering Defendant admits only that the trial testimony speaks for itself, and all other allegations and averments made and contained therein are denied.

---

[26] See Footnote #1.

108.    Answering ¶¶ 303, 304, 305 and 306 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

**Suggestions of Story to Pamela Hupp about Mr. Faria Being Present at Scene[27]**

109.    Answering ¶ 307 of the First Amended Complaint, Answering Defendant admits only that any recording speaks for itself and all other allegations and averments made and contained therein are denied.

110.    Answering ¶¶ 308, 309, 310, 311, 312, 313, 314, 315, 316 (including all subparagraphs), 317, 318, 319 and 320 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.


**Whereabouts of Betsy Faria and Pamela Marie Hupp-Family Members Stories[28]**

111.    Answering ¶¶ 321, 322, 323 (including all subparagraphs), 324, 235, 326, 327, 328, 329 and 330 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

**Inconsistent Statements by Pamela Marie Hupp about her Relationship with Betsy Faria[29]**

112.    Answering ¶¶ 331 (including all subparagraphs), Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

---

[27] See Footnote #1.
[28] See Footnote #1.
[29] See Footnote #1.

### Inconsistent Statements by Pamela Marie Hupp about Mr. Faria[30]

113.   Answering ¶ 332 (including all subparagraphs) of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

### Pamela Hupp's Inconsistent Statements About her Own Memory[31]

114.   Answering ¶ 333 (including all subparagraphs) of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

### Inconsistent Statements about Own Finances[32]

115.   Answering ¶ 334 (including all subparagraphs) of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

### Computer Letter Allegedly Written by Betsy Faria-Really Written by Pamela Hupp[33]

116.   Answering ¶¶ 335 (including all subparagraphs) and 336 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

117.   Answering ¶¶ 337 and 338 of the First Amended Complaint, Answering Defendant admits only she notified criminal defense counsel and provided the document to counsel and denies all other allegations and averments made and contained therein.

---

[30] See Footnote #1.
[31] See Footnote #1.
[32] See Footnote #1.
[33] See Footnote #1.

118.     Answering ¶ 339 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

119.     Answering ¶¶ 340 and 341 of the First Amended Complaint, Answering Defendant admits only the hard drive was requested and a copy provided to Mr. Faria's criminal defense counsel.  All other allegations and averments made and contained therein are denied.

120.     Answering Defendant admits the allegations and averments made and contained in ¶ 342 of Plaintiff's First Amended Complaint.

121.     Answering ¶¶ 343 (including all subparagraphs), 344 and 345, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

122.     Answering Defendant denies the allegations and averments made and contained in ¶ 346 of the First Amended Complaint.

123.     Answering ¶ 347 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

**Pamela Marie Hupp Putting Money in Trust-Briefly[34]**

124.     Answering ¶¶ 348, 349, 350, 351, 352, 353, 354, 355 and 356 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

---

[34] See Footnote #1.

### No Polygraph of Pamela Marie Hupp-Doctor's Note[35]

125.     Answering ¶¶ 357, 358, 359, 360, 361 and 362 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

126.     Answering Defendant admits, on information and belief, the allegations and averments made and contained in ¶¶ 363 and 364 of the First Amended Complaint.

127.     Answering ¶¶ 365, 366, 367, 368 and 369 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

### Interview of Mark Hupp-Pamela Marie Hupp Answers Questions for Him[36]

128.     Answering ¶¶ 370, 371, 372 and 373 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore at this time, the same are denied.

129.     Answering ¶¶ 374 and 375 of the First Amended Complaint, Answering Defendant states the document purported to be cited by Plaintiff speaks for itself, however, Answering Defendant denies the allegations and averments made and contained therein to the extent they purport to allege a claim or cause of action against Answering Defendant.

130.     Answering ¶¶ 376, 377, 378, 379 and 380 of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

---

[35] See Footnote #1.
[36] See Footnote #1.

**Failure to Investigate and Prosecute Pamela Marie Hupp for Murder of Betsy Faria[37]**

131.    Answering Defendant denies the allegations and averments made and contained in ¶ 381 of the First Amended Complaint.

## DEFENDANT DETECTIVE MCCARRICK TALKS TO MR. FARIA ABOUT STATE FARM BENEFICIARY CHANGE AFTER MR. FARIA REPRESENTED BY COUNSEL[38]

132.    Answering ¶¶ 382, 383, 384, 385, 386, 387, 388, 389, 390, 391 (including all subparagraphs), 392, 393, 394 (including all subparagraphs), 395, 396 and 397 (including all subparagraphs) of the First Amended Complaint, Answering Defendant states she is without sufficient information to admit or deny the allegations and averments made and contained therein, and therefore, at this time, the same are denied.

**Public Commitment of Prosecuting Attorney to Mr. Faria as the Murderer[39]**

133.    Answering Defendant denies the allegations made and contained in ¶ 398 of the First Amended Complaint.  Answering Defendant affirmatively states the paragraph contains a blatant misstatement and/or misquoting of Answering Defendant.

## DAMAGES[40]

134.    Answering Defendant denies the allegations and averments made and contained in ¶ 399 (including all subparagraphs) of the First Amended Complaint.

---

[37] See Footnote #1.
[38] See Footnote #1.
[39] See Footnote #1.
[40] See Footnote #1.

## PROXIMATE CAUSE[41]

135.    Answering Defendant denies the allegations and averments made and contained in ¶ 400 of the First Amended Complaint.

## RECKLESS DISREGARD-PUNITIVE DAMAGES[42]

136.    Answering Defendant denies the allegations and averments made and contained in ¶¶ 401 (including all subparagraphs) and 402 of the First Amended Complaint.

## ATTORNEY'S FEES AND COSTS-42 U .S.C. 1988[43]

137.    Answering Defendant denies the allegations and averments made and contained in ¶¶ 403, 404 and 405 of the First Amended Complaint.

## NO QUALIFIED IMMUNITY[44]

138.    Answering Defendant denies the allegations and averments made and contained in ¶¶ 406, 407, 408, 409 and 410 of the First Amended Complaint.

## COUNT I
## FOURTH AMENDMENT
## INITIAL SEIZURE OF MR. FARIA FOR MORE THAN 24 HOURS,
## WITHOUT PROBABLY CAUSE,
## AGAINST DEFENDANT SERGEANT MCCARRICK[45]

139.    Answering ¶ 411 of the First Amended Complaint, Answering Defendant incorporates by reference her responses to ¶¶ 1-410 as though fully set forth herein.

---

[41] See Footnote #1.
[42] See Footnote #1.
[43] See Footnote #1.
[44] See Footnote #1.
[45] See Footnote #1.

140.    Count I ¶¶ 412-431 (including all subparagraphs), do not purport to allege a claim or cause of action against Answering Defendant Askey, and therefore no response is required. However, to the extent the allegations and averments made and contained therein are construed to allege facts, claims or causes of action against Answering Defendant, they are denied.  Answering further, Plaintiff's footnotes are argumentative and contain legal conclusions which are legally incorrect and invade the province of the court.  Therefore, footnotes 2-15 are also denied.

141.    Answering Defendant denies Plaintiff is entitled to any judgment or other relief herein.

142.    All allegations and averments made and contained in Count I of the First Amended Complaint are hereby denied unless specifically admitted or otherwise addressed herein.

143.    Answering Defendant incorporates by reference each and every affirmative defense set forth below.

## COUNT II
## FOURTH AMENDMENT
## SECOND SEIZURE AND INCARCERATION OF MR. FARIA
## WITHOUT PROBABLE CAUSE,
## AGAINST DEFENDANT SERGEANT MCCARRICK[46]

144.    Answering ¶ 432 of the First Amended Complaint, Answering Defendant incorporates by reference he responses to ¶¶ 1-431 as though fully set forth herein.

145.    Count II ¶¶ 433-458 do not purport to allege a claim or cause of action against Answering Defendant Askey, and therefore no response is required.   However, to the extent those allegations and averments may be construed to allege a claim or cause of action against Answering Defendant, the same are denied.  Answering further, Plaintiff's footnotes are argumentative and

---

[46] See Footnote #1.

contain legal conclusions which are legally incorrect and invade the province of the court. Therefore, footnotes 16-22 are also denied.

146.    Answering Defendant denies Plaintiff is entitled to any judgment or other relief herein.

147.    All allegations and averments made and contained in Count II of the First Amended Complaint are hereby denied unless specifically admitted or otherwise addressed herein.

148.    Answering Defendant incorporates by reference each and every affirmative defense set forth below.

**COUNT III**
**FOURTH AMENDMENT**
**SECOND SEIZURE AND INCARCERATION OF MR. FARIA**
**WITHOUT PROBABLE CAUSE,**
**AGAINST DEFENDANT PROSECUTING ATTORNEY ASKEY[47]**

149.    Answering ¶ 459 of the First Amended Complaint, Answering Defendant incorporates by reference her responses to ¶¶ 1-458 as though fully set forth herein.

150.    Answering Defendant denies the allegations and averments made and contained in ¶¶ 460, 461, 462 (including all subparagraphs), 463 (including all subparagraphs), 464, 465 (including all subparagraphs), 466, 467, 468, 469 (including all subparagraphs), 470, 471, 472, 473, 474, 475, 476, 477, 478 and 479 (including all subparagraphs) of the First Amended Complaint.  Answering further, Plaintiff's footnotes are argumentative and contain legal conclusions which are legally incorrect and invade the province of the court.  Therefore, footnotes 23-29 are also denied.

151.    Answering Defendant denies Plaintiff is entitled to any judgment or other relief herein.

---

[47] See Footnote #1.

152.     All allegations and averments made and contained in Count III of the First Amended Complaint are hereby denied unless specifically admitted or otherwise addressed herein.

153.     Answering Defendant incorporates by reference each and every affirmative defense set forth below.

## COUNT IV
## FOURTH AND FOURTEENTH AMENDMENT
## CONSPIRACY TO SEIZE THE PERSON AND DENY SUBSTANTIVE DUE PROCESS
## AGAINST ALL DEFENDANTS[48]

154.     Answering ¶ 480 of the First Amended Complaint, Answering Defendant incorporates by reference her responses to ¶¶ 1-479 as though fully set forth herein.

155.     Answering Defendant denies the allegations and averments made and contained in ¶¶ 481, 482, 483, 484, 485 (including all subparagraphs), 486, 487, 488, 489, 490 (including all subparagraphs), 491, 492, 493, 494, 495, 496, 497, 498, 499, 500 (including all subparagraphs), 501, 502 (including all subparagraphs), 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513 and 514 (including all subparagraphs) of the First Amended Complaint.  Answering further, Plaintiff's footnotes are argumentative and contain legal conclusions which are legally incorrect and invade the province of the court.  Therefore, footnotes 30-39 are also denied.

156.     Answering Defendant denies Plaintiff is entitled to any judgment or other relief herein.

157.     All allegations and averments made and contained in Count IV of the First Amended Complaint are hereby denied unless specifically admitted or otherwise addressed herein.

158.     Answering Defendant incorporates by reference each and every affirmative defense set forth below.

---

[48] See Footnote #1.

## COUNT V
## FOURTH OR FOURTEENTH AMENDMENT
## FEDERAL CLAIM FOR MALICIOUS PROSECUTION
## AGAINST DEFENDANT SERGEANT MCCARRICK
## AND DEFENDANT DETECTIVE MERKEL[49]

159.    Answering ¶ 515 of the First Amended Complaint, Answering Defendant incorporates by reference her responses to ¶¶ 1-514 as though fully set forth herein.

160.    Count V, ¶¶ 516-524 of the First Amended Complaint do not purport to allege claims or causes of action against Answering Defendant, therefore, no response is required. However, to the extent those allegations and averments may be construed to allege a claim or cause of action against Answering Defendant, the same are denied.  Answering further, the Court has held previously the Defendant's motion to dismiss on this Count in abeyance until the *Joliet* case is resolved by the Supreme Court.  Answering further, Plaintiff's footnotes are argumentative and contain legal conclusions which are legally incorrect and invade the province of the court. Therefore, footnote 40 is also denied.

161.    Answering Defendant denies Plaintiff is entitled to any judgment or other relief herein.

162.    All allegations and averments made and contained in Count V of the First Amended Complaint are hereby denied unless specifically admitted or otherwise addressed herein.

163.    Answering Defendant incorporates by reference each and every affirmative defense set forth below.

---

[49] See Footnote #1.

## COUNT VI
## *MONELL* LIABILITY
## AGAINST LINCOLN COUNTY
## THROUGH DEFENDANT PROSECUTING ATTORNEY ASKEY
## IN HER OFFICIAL CAPACITY[50]

164.    Answering ¶ 525 of the First Amended Complaint, Answering Defendant incorporates by reference her responses to ¶¶ 1-524 as though fully set forth herein.

165.    Answering Defendant denies the allegations and averments made and contained in ¶¶ 526 (including all subparagraphs), 527, 528, 529 (including all subparagraphs), 530, 531 and 532 of the First Amended Complaint.  Answering further, Plaintiff's footnotes are argumentative and contain legal conclusions which are legally incorrect and invade the province of the court. Therefore, footnotes 41-48 are also denied.

166.    Answering Defendant denies Plaintiff is entitled to any judgment or other relief herein.

167.    All allegations and averments made and contained in Count VI of the First Amended Complaint are hereby denied unless specifically admitted or otherwise addressed herein.

168.    Answering Defendant incorporates by reference each and every affirmative defense set forth below.

## AFFIRMATIVE DEFENSES

169.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states Plaintiff's First Amended Complaint fails to state facts sufficient to constitute a cause of action and fails to state a claim upon which relief can be granted such that the same should be dismissed at Plaintiff's costs.

---

[50] See Footnote #1.

170.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states Plaintiff's claims herein are barred, in whole or in part, because the alleged acts complained of herein were discretionary in nature and taken in good faith by Answering Defendant and Answering Defendant is protected from liability by the doctrine of absolute prosecutorial immunity.

171.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states that any of Plaintiff's constitutional claims against her based upon the doctrine of *respondeat superior* or vicarious liability fail to state a claim upon which relief can be granted and should be dismissed at Plaintiff's costs.

172.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states to the extent Plaintiff's First Amended Complaint attempts to state any cause of action under Missouri State law, Answering Defendants are protected from liability by virtue of Missouri's sovereign immunity statute, §537.600, *et seq.*, R.S.Mo., official immunity, qualified immunity and/or the public duty doctrine.

173.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant specifically denies Plaintiff's claims are actionable inasmuch as there is no evidence or allegation that the alleged governmental misconduct was the result of deliberate indifference by Defendant.

174.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states at all times relevant hereto she were acting under legal authority and as such, Plaintiff's claims herein are barred.

175.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant, specifically denying Plaintiff's rights were violated,

states Plaintiff's alleged injuries or damages, if any, said injuries or damages being specifically denied, were the direct and/or proximate result of the intentional and/or negligent acts and/or omissions of Plaintiff, or the negligence and acts of others over whom Answering Defendant has no control, such that the principles of comparative and/or contributory fault and/or negligence and/or sole cause should be applied to deny or diminish any recovery by Plaintiff as against Answering Defendant.

176.   In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant, specifically denying Plaintiff's rights were violated, states Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, consent and/or self-defense.

177.   In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states, specifically denying the conduct as alleged or characterized in the Complaint occurred, any such conduct as alleged is not reflective of an official policy or custom of Answering Defendant.

178.   In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states Plaintiff's claims herein are barred, in whole or in part, because the alleged acts complained of herein were discretionary in nature and taken in good faith by Answering Defendant and Answering Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

179.   In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant specifically denies that Plaintiff's rights were violated, and state that all acts taken with regard to Plaintiff, if any, were legally justified, based

upon probable cause, legal suspicion, and were reasonable and necessary under the circumstances therein existing.

180.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states she acted with objective reasonableness under the circumstances then existing, and her conduct was justified and/or privileged.

181.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states she is immune from liability by virtue of the Eleventh Amendment of the United States Constitution.

182.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, to the extent Plaintiff attempts to seek punitive damages against her, Answering Defendant states and alleges that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

a.      The standards by which Defendant's conduct is to be determined as alleged by Plaintiff is vague and wholly arbitrary, and as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

b.      The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Defendant of the potential repercussions of its alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

c.      Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution are applicable;

32

d.      Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

e.      Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

f.      Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

g.      Plaintiff's request for punitive damages cannot protect Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

h.      An award of punitive damages would violate Defendant's due process rights under the United States Constitution as well as be in violation of the United States Supreme Court's decision in *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991);

i.      To the extent the Answering Defednant is being sued, or other defendants in their representative or official capacity, Plaintiff is not entitled to any punitive damage award against it because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's decision in City of Newport v. Fact Concerts, Inc., 453 U.S. 247(1981).

j.      To the extent Answering Defendant is being sued for tort claims under State law, punitive damages against governmental entities are prohibited and/or barred by §537.610 R.S.Mo.

k.       An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 8;

l.       An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 9;

m.       An award of punitive damages would violate provisions of the Constitution, including Article I, Section 10;

n.       An award of punitive damages would violate provisions of the Constitution of the United States, including Article III, Section 2;

o.       An award of punitive damages would violate provisions of the 1945 Constitution of Missouri, including, but not limited to, Article I, Bill of Rights, Sections 2, 10, 13, 19, 21 and 22; and

p.       Missouri Revised Statute Section 510.265(1) and the Missouri Approved Jury Instructions relating to punitive damages are unconstitutional and deprive Defendant of Due Process of Law and Equal Protection of Law in that: (1) they fail to contain adequate substantive, procedural and instructional safeguards, thereby permitting juries to base punitive damages on impermissible evidence and upon acts, conduct and/or defects that do not and cannot form a constitutionally sound basis for the award of punitive damages; (2) the award of punitive damages is not tied to specifically proven items of damages;  and, (3) the upper limit of recoverable punitive damages is the same regardless of the degree of culpability or the nature of the conduct, permitting and mandating the same award in cases not involving actual malice as can be awarded in the cases of the most egregious conduct. In the context of the holdings of the United States Supreme Court in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (U.S. 2008), the amount of any punitive damage award should be

limited to an amount not exceeding the amount of compensatory damages (if any) awarded in this action. The unpredictability of high punitive awards is in tension with their punitive function because of the implication of unfairness that an eccentrically high punitive verdict carries.

183.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendants state Plaintiff's alleged damages, all such damages being denied, should be denied or diminished due to Plaintiff's failure to mitigate damages.

184.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states that any request by Plaintiff for joint and several liability should be denied or otherwise dismissed until it is judicially determined any Defendant is fifty-one percent (51%) or more at fault for Plaintiff's damages, all said damages being expressly denied, under §537.067 R.S.Mo.

185.    In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendant states she is entitled to a reduction or setoff for any amount that has been paid or may be paid to Plaintiff in settlement by any co-Defendant, or other person or entity pursuant to §537.060 R.S.Mo.

186.    Answering Defendant incorporates by reference each and every applicable affirmative defense asserted by any other co-defendant.

187.    Answering Defendant reserves the right to assert and plead additional Affirmative Defenses when facts supporting said Affirmative Defenses become known and available to them.

WHEREFORE, Defendant Leah Askey, having fully answered Plaintiff's First Amended Complaint and asserted her affirmative defenses thereto, respectfully prays that Plaintiff take naught by his Complaint and that the same be denied and/or dismissed; judgment be entered in

favor of this Defendant, and at Plaintiff's costs; for her attorney's fees as prevailing party pursuant to 42 U.S.C. § 1988; and for any such other relief as this honorable court deems necessary and proper in the premises.

Respectfully Submitted,

CORONADO KATZ LLC

/s/ Christopher L. Heigele

| | |
|---|---|
| Steven F. Coronado | MBN 36392 |
| Christopher L. Heigele | MBN 45733 |

14 W. Third, Suite 200
Kansas City, MO 64105
Telephone: (816) 410-6600
Facsimile:  (816) 337-3892
steve@coronadokatz.com
chris@coronadokatz.com
ATTORNEYS FOR DEFENDANT ASKEY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing was filed with the Court via the ECF filing system on January 17, 2017, causing notice to be sent electronically, to:

W. Bevis Schock                    MBN 32551
777 Bonhomme Ave., Suite 1300
St. Louis, MO 63105
Telephone: (314) 726-2322
Fax:  (314) 721-1698
wbschock@schocklaw.com
Attorneys for Plaintiff

Joel J. Schwartz                    MBN 39066
Nathan T. Swanson                MBN 62616
Rosenblum, Schwartz, Rogers and Glass
120 S. Central, Ste. 130
Clayton, MO 63105
Telephone:  (314) 862-8050
Fax:  (314) 862-4332
jschwartz@rsrglaw.com
nswanson@rsrglaw.com
Attorneys for Plaintiff

Robert J. Krehbiel
King, Krehbiel & Hellmich, LLC
2000 South Hanley Road
St. Louis, MO 63144-1524
Telephone: (314) 646-1110
Fax: (646) 1122
rkrehbiel@kingkrehbiel.com
Attorney for Defendants McCarrick, Merkel and Harney

Joel D. Brett
Barklage, Brett  Hamill, P.C.
211 N. Third Street
St. Charles, MO 63301
Telephone: (636) 949-2120
Facsimile (636) 949-8786
jbrett@barklage-brett.com
Attorney for Defendant Lincoln County

/s/ Christopher L. Heigele
Attorneys for Defendant Leah Askey