UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL SCOTT FARIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-01175-JAR |
| | ) |
| SERGEANT RYAN J. McCARRICK, *et al.* | ) |
| | ) |
| Defendants. | ) |

**CONSENT PROTECTIVE ORDER**

On joint motion of the parties the court hereby enters the following Protective Order:

1. Definition of "Confidential Information". "Confidential information" shall be defined to include the following:

    a. Individual Personnel Files and Internal Affairs files maintained by past and present employers of the individual Defendant officers,

    b. Documents containing the parties' social security numbers, dates of birth, driver's license numbers, and, for the police officers, residence addresses,

    c. Financial information, particularly including information produced in response to Plaintiff's request for information related to punitive damages, and so including account numbers, names of individual financial holdings, and amounts of money or other assets in accounts,

    d. Closed records as that phrase is defined in the Missouri Sunshine Act, RSMo. 610.010 *et seq.*,

    e. Deposition testimony containing the above information,

    f. REJIS information,

    g.    Training Materials,

    h.    Police Department Policy Manuals, and

    i.    Information which the parties agree is confidential.

(Some of the items on this list may either be not produced at all or not be relevant to the case, and inclusion of an item on the list shall have no bearing on whether any particular document or information in the case is either subject to objection, discoverable or admissible).

2. Definition of Non-Confidential Information. All information not within the definition of "Confidential Information", including but not limited to information acquired from 3rd parties, (unless otherwise confidential), or information which is already in the public domain.

3. Questionably Confidential Information. The parties agree that should information be on the hazy border between confidential and not-confidential, they will confer before disclosure, and if a party desiring to keep the information confidential specifically requests it, the other party will give that party a reasonable time to seek a court order to keep the information confidential. The burden shall be on the party asserting that information is confidential to initially assert the confidentiality of the document by marking it as confidential in the manner described below. Documents delivered unmarked shall be presumed not confidential.

4. Keeping Confidential Information Confidential. The parties and their attorneys are hereby ordered to keep confidential information confidential by:

    a.    No Disclosure to Non-Parties. Not disclosing confidential information to non-parties, with exceptions for:

2

      i.      Internal office personnel pursuant to the attorney's customary procedures,

      ii.     External personnel, such as copying companies and trial assistance personnel, pursuant to the attorney's customary procedures,

      iii.    Expert witnesses working on the case, and

      iv.    Other persons who are required to know the information in order to perform their proper and lawful duties in connection with this case, including persons assisting counsel such as outside attorneys and consultants,

b.    Confidential Storage Procedure.  Storing documents containing such information in a manner consistent with the attorney's customary storage procedures for confidential information in his or her office,

c.    Informing Third Parties of Existence of this Order.  Informing those who receive confidential information of the existence of this Protective Order and its terms, and obtaining from them their agreement to abide by its terms before disclosure of the information to them,

d.    Redacting Social Security Numbers, etc.  In responding to discovery redacting social security numbers, birthdates, home addresses, and names of family members (unless the information is already a public record - which includes Plaintiff's home address),

e.    Marking documents as Confidential.  Marking confidential documents and material with a stamp reading "CONFIDENTIAL BY COURT ORDER", (or with words to that effect), and

3

      f.      Not Giving Documents to the Parties.  Attorneys having confidential information may allow the parties to examine confidential information, but shall not give copies of confidential information to the parties.

5.      Financial Records of Defendants – Only Produced on Court Order, Viewed by Counsel.  Financial records of Defendants, including but not limited to tax returns, balance sheets, loan applications, and financial records, shall only be produced upon court order.  Further, such records shall be viewed by Plaintiff's counsel only, and not by Plaintiff himself, (except at trial pursuant to further court order).

6.      Separate Transcription of Confidential Portions of Deposition Transcripts.  The attorneys shall direct their court reporters to separately transcribe any portions of depositions which contain confidential information, and to mark such separately transcribed testimony as described above.  (If a deposition transcript has confidential information sprinkled throughout, all of the transcript may be so marked).

7.      Use of Confidential Information Only in the Litigation.  The parties and their Counsel may use confidential information only for the purpose of reasonable pursuit of the litigation, and for no other purpose.

8.      Use of Confidential Information at Trial.  At trial the parties and their attorneys may present and use confidential information which is necessary to the presentation of their side of the case, but the parties and their attorneys shall not present confidential information which is not relevant to the issues before the court.  For example, unless there is a good reason, counsel for Plaintiff shall not ask a testifying police officer to state his home address.  The parties may use Motion in Limine to further limit the disclosure

of confidential information during the trial. Any issues of admissibility at trial shall be determined by the Court at that time.

9. Post Trial Destruction of Confidential Information. Within four weeks after the conclusion of the litigation a party who has delivered confidential information to another party may request the return of that information. The party receiving the information shall assemble the confidential information in a reasonable time and manner, and the parties shall make reasonable arrangements for its return or destruction. If no request for return of the confidential information is made, the attorney having the confidential information shall destroy the material pursuant to his own lawful office procedures.

10. Right To Object, Move for Further Protection. Nothing in this Protective Order shall either prevent any party from objecting to discovery or preclude any Party from seeking any further or additional protection.

11. No Waiver. By having submitted a Motion to the court for approval of this order, the parties do not waive any right to assert that non-listed items should be deemed confidential information, or that listed items should be deemed not confidential information, or that any listed items should or shall be produced if requested.

12. Court Filing of Confidential Information, Seal. Any confidential information filed with the court, such as confidential portions of exhibits used in Summary Judgment pleadings, shall be filed under seal pursuant to the Eastern District of Missouri Administrative Procedures for CM/ECF, Part VI.

13. Remedy for Breach. In the event a party believes another party has breached this order that party shall first meet and confer in an attempt to resolve the problem informally. If there is no resolution a party may apply for relief to the Court, and that the Court may

    allow the prevailing party in that dispute to request the award of reasonable attorney's fees, costs and expenses, payable forthwith.

14.    Fixing Mistakes.  If any person bound by this order releases confidential information in error, all parties shall take all reasonable steps and to use good faith to rectify the error.

15.    Term.  This Order shall remain in effect for until ten years after the case is closed by the Court.


Respectfully submitted,

Counsel for Plaintiff Russell Faria

   /s/ W. Bevis Schock  .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:   314-721-1698
Voice: 314-726-2322

   /s/ Joel J. Schwartz  .
Joel J. Schwartz, 39066MO
Rosenblum, Schwartz, Rogers and Glass
120 S. Central, Ste. 160
St. Louis, MO  63105
Fax:   314-862-8050
Voice: 314-862-4332

   /s/ Nathan T. Swanson  .
Nathan T. Swanson, 62616MO
Rosenblum, Schwartz, Rogers and Glass
120 S. Central, Ste. 160
St. Louis, MO  63105
Fax:   314-862-8050
Voice: 314-862-4332

Counsel for Defendant Lincoln County

**BARKLAGE, BRETT & HAMILL, P.C.**

By: */s/ Joel D. Brett*
Joel D. Brett, #33471MO
211 North Third Street
St. Charles, Missouri 63301
(636) 949-2120 – *Telephone*
(636) 949-8786 – *Facsimile*
jbrett@barklage-brett.com


Counsel for Defendant Askey

CORONADO KATZ LLC

/s/ Christopher L. Heigele

| Steven F. Coronado | MBN 36392 |
| Christopher L. Heigele | MBN 45733 |

14 W. Third, Suite 200
Kansas City, MO 64105
Telephone: (816) 410-6600
Facsimile:  (816) 337-3892
steve@coronadokatz.com
chris@coronadokatz.com


Counsel for Defendant McCarrick

          PLEBAN & PETRUSKA LAW, L.L.C.

          By:   /s/ J.C. Pleban
                J.C. Pleban, MO#63166
                jc@plebanlaw.com
                C. John Pleban, MO#24190
                cpleban@plebanlaw.com
                2010 South Big Bend Blvd.
                St. Louis, Missouri 63117
                (314) 645-6666 – Telephone
                (314) 645-7376 – Facsimile
                Attorneys for Defendant


Counsel for Defendants McCarrick, Merkel, and Harney

**KING, KREHBIEL & HELLMICH, LLC**

_____
**JASON S. RETTER**
Bar No. 59683MO

**ROBERT J. KREHBIEL**
Bar No. 28616MO

2000 South Hanley Road
St. Louis, MO  63144 1524
T. 314 646 1110
F. 314 646 1122
E. jretter@kingkrehbiel.com
E. rkrehbiel@kingkrehbiel.com


So Ordered,


_____
Judge

Date_____