UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL SCOTT FARIA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:16-CV-01175-JAR |
| SERGEANT RYAN J. McCARRICK, *et al.* | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO COMPEL PAMELA HUPP TO RESPOND
TO WRITTEN DEPOSITION QUESTIONS, OR
TO FIND FIFTH AMENDMENT PROPERLY TAKEN**

Comes now Plaintiff Russell Scott Faria, by counsel W. Bevis Schock, Joel Schwartz and Nathan Swanson, and moves under Fed.R.Civ.P. 37(a)(1)(B)(i) to compel Pamela Hupp to respond to written deposition questions or to find Fifth Amendment properly taken. In support whereof Plaintiff states:

**BACKGROUND AND PROCEDURAL STATUS**

1. This is a civil rights case in which Plaintiff alleges that in the course of the prosecution of Plaintiff Russell Faria for the murder of his wife, Elizabeth Faria, a murder for which he was eventually acquitted, Defendants ignored the obvious suspect, (whom Plaintiff asserts is Pamela Hupp), ignored exonerating evidence, and fabricated evidence.

2. Plaintiff has taken nearly 50 depositions, and pursuant to the Amended Case Management Order, Doc. #: 47, discovery closes June 8, 2018. Meanwhile, on Friday, March 16, 2018, again pursuant to the Amended Case Management Order, Plaintiff (a) disclosed his three retained expert witnesses, (b) provided their reports, and (c) disclosed the opinions of non-retained witnesses.

3. ADR is scheduled for June 18 to August 16, 2018 and Dispositive and Daubert Motions are due August 13, 2018.  The trial is set for April 29, 2019.

**FACTS RELATED TO PROPOSED DEPOSITION OF PAMELA HUPP**

4. Ms. Hupp has for some time been incarcerated in the St. Charles County Jail facing a death penalty murder case, (not the murder of Elizabeth Faria).

5. In this matter Plaintiff set the deposition of Ms. Hupp for January 18, 2018 and served a subpoena to her in jail.

6. On Thursday, January 11, 2018 criminal counsel for Ms. Hupp, Kim Freter, filed in this case a Motion to Quash the Deposition Subpoena, Doc. #: 48.

7. Plaintiff responded by filing a Motion for Hearing, Doc. #: 49 and a Memorandum in Opposition to Ms. Hupp's Motion to Quash, Doc. #: 50.  The latter outlined Plaintiff's position that Rule 30(a)(1) allows the deposition of any person, and under Rule 26(b)(1) questions to Ms. Hupp about her role in this case and particularly including her contacts with law enforcement in connection with the investigation by Defendants into the murder of Elizabeth Faria are within the scope of discovery.  Plaintiff incorporates those arguments herein by reference.

8. The court held a status conference on the Motion to Quash and then on January 12, 2018 issued an Order, Doc. #: 52, granting the Motion but giving Plaintiff leave to re-notice Ms. Hupp at a later date but only after first either identifying areas of inquiry or submitting "written questions in lieu of oral testimony", presumably all to allow objections by the parties and/or Ms. Hupp.

9. Plaintiff elected to proceed with written questions in lieu of oral testimony. In turn, Ms. Hupp's counsel, Ms. Freter, agreed to accept on Ms. Hupp's behalf the Notice of Deposition on Written Questions and the questions themselves.

10. On February 2, 2018 Plaintiff sent to Ms. Freter and all parties a formal "Notice of Deposition Questions", Ex. 1.

11. The Notice included the following statement:

> Plaintiff will not seek to have the court reporter go into the St. Charles County Jail and read the questions to Ms. Hupp as contemplated by Fed.R.Civ.P. 31(b), but will instead just submit the questions in writing as contemplated by the court's above reference order [Doc. #: 52].

12. Plaintiff attached therewith the questions themselves, Ex. 2.

13. At the request of Defendants (due to attorney vacation schedules and other issues irrelevant to the questions at hand), all parties agreed that the date for Ms. Hupp's and/or Defendants' cross questions under Fed.R.Civ.P. 31(a)(5) and/or objections under Fed.R.Civ.P. 32(d)(2)(C) was set to Friday, March 12, 2018.

14. On March 9, 2018 Ms. Freter sent to all counsel the attached one page letter, Ex. 3, indicating that Ms. Hupp would be exercising her right to remain silent and would not respond to the questions in any way other than through the letter itself.

15. By the March 12, 2018 deadline Defendants sent no objections or cross questions.

16. Plaintiff acknowledges Ms. Hupp's right to take the Fifth Amendment, but also asserts his own right to ask her written questions by the procedure outlined above, which may produce and/or result in

    a. Answers,

    b. An assumption of unavailability pursuant to Fed.R.Civ.P. 32(a)(4), and/or

    c. Other results which are related to Plaintiff's trial strategy.

17. On March 14, 2018 undersigned counsel sent to Ms. Freter and all defense counsel the attached e-mail, Ex. 4, proposing a stipulation of all parties that Ms. Freter's letter be considered the equivalent of Ms. Hupp taking the Fifth Amendment in response to the written deposition questions. The e-mail included the following references to law:

    > I found the following three cases, in all of which the in person issue was not the direct question before the court, but in each of which the court seemed to accept a person taking the Fifth Amendment by counsel. See:
    >> The defendant in *Heubel* also expressly asserted, through counsel, his Fifth Amendment right to remain silent. *United States v. Smith*, 553 F. App'x 130, 134 (3d Cir. 2014)
    >> On March 16, 2011, the witness informed the government, through counsel, that he would not comply with the subpoena, citing the Fifth Amendment. *In re Grand Jury Subpoena*, 696 F.3d 428, 431 (5th Cir. 2012)
    >> After receipt of the subpoenas, the appellant indicated through counsel that he would assert his Fifth Amendment right against self-incrimination and would refuse to testify. In response, the government applied for and obtained an order granting the appellant use immunity pursuant to 18 U.S.C. §§ 6002 & 6003, and compelled him to testify before the grand jury. *In re Grand Jury*, 566 F.3d 12, 14 (1st Cir. 2009)

18. Within the next two days counsel for all Defendants, by three separate emails, declined the proposed stipulation.

19. On Friday, March 16, 2018 undersigned counsel Bevis Schock telephoned Ms. Freter and left a voice mail asking her to reconsider her position such that her client would write "5A" or some notation to that effect in response to each question with notarized signature.

20. Ms. Freter has not responded to undersigned counsel's call.

21. (Plaintiff also notes that in the written deposition questions he does not ask Ms. Hupp whether or not she killed Elizabeth Faria).

## DISCUSSION

4

22. Under Fed.R.Civ.P. 37(a)(1)(B)(i) a party may move for an order compelling discovery, including in situations like this one where a deponent has failed to answer Fed.R.Civ.P. 31 written deposition questions.

23. Also, however, as Plaintiff acknowledged in his March 14, 2018 e-mail and still acknowledges, Plaintiff has found no precise case directly stating that a person may take the Fifth Amendment by counsel.

24. Nevertheless, the cases Plaintiff cited in the March 14, 2018 e-mail imply that the courts in those cases had no quibble with a person taking the Fifth Amendment through counsel.

25. In the alternative Plaintiff believes that Ms. Hupp has a duty to answer the written questions, and because she has declined to do so, she is subject to a Motion to Compel. (If the Court issues an order compelling responses and Ms. Hupp then continues to refuse to answer she will then be subject to a Motion for Sanctions pursuant to Fed.R.Civ.P. 37(b)(1).)

26. In the alternative, and pursuant to the cases cited in March 14, 2018 e-mail, Plaintiff believes that Ms. Freter's letter of March 9, 2018, Ex.3, is in fact sufficient as an exercise of the Fifth Amendment by Ms. Hupp, and so this court should issue a finding that the Fifth Amendment has been properly taken, and for all purposes in this litigation Ms. Freter's letter shall be deemed to be the equivalent of Ms. Hupp answering the written deposition questions one by one by taking the Fifth Amendment, in writing, with notarized signature.

27. Plaintiff also suggests that the time to object to individual questions is past.

**CERTIFICATION OF GOOD FAITH EFFORT
TO RESOLVE WITHOUT COURT ACTION**

5

28. Undersigned counsel Bevis Schock hereby certifies, pursuant to Fed.R.Civ.P. 37(a)(1) the purposes of (a) his e-mail to Defendants' counsel with the proposed stipulation, and (b) his voice mail to Ms. Freter, were to make good faith efforts to resolve the situation "without court action".

## PRAYER

WHEREFORE, Plaintiff prays the court to either issue an order compelling Ms. Hupp to respond to Plaintiff's Fed.R.Civ.P. 31 written deposition questions, or issue an order finding that Ms. Hupp has properly taken the Fifth Amendment through Ms. Freter's March 9, 2018 letter, Ex. 3 and the letter shall be deemed to be the equivalent of Ms. Hupp taking the Fifth Amendment in person with notarized signature in response to Plaintiff written deposition questions.

Respectfully Submitted,

Counsel for Plaintiff

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

   /s/ Joel J. Schwartz   .
Joel J. Schwartz, 39066MO
Rosenblum, Schwartz & Fry
120 S. Central, Ste. 130
St. Louis, MO  63105
Fax:    314-862-8050
Voice: 314-862-4332

   /s/ Nathan T. Swanson   .
Nathan T. Swanson, 62616MO
Rosenblum, Schwartz & Fry
120 S. Central, Ste. 130

St. Louis, MO  63105
Fax:     314-862-8050
Voice: 314-862-4332

CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:
All counsel of record

Kim Freter by e-mail to:  kim@freterlaw.com


　　/s/ W. Bevis Schock　　.
W. Bevis Schock, 32551MO