# Bevis Schock

**From:** Bevis Schock <wbschock@schocklaw.com>
**Sent:** Wednesday, March 14, 2018 1:23 PM
**To:** 'Kim Freter'
**Subject:** FW: Written Depo Questions to Pamela Hupp
**Attachments:** faria.depo.hupp.letter from freter.3.9.18.pdf

Kim:

I sent this to all counsel this morning.

Bevis

---

**From:** Bevis Schock [mailto:wbschock@schocklaw.com]
**Sent:** Wednesday, March 14, 2018 10:40 AM
**To:** (rkrehbiel@kkhhb.com); Brett, Joel (jbrett@barklage-brett.com); Bryon Earl Hale (bhale@barklage-brett.com); Chris Heigele; J.C. Pleban; Jason Retter; Joel Schwartz (jschwartz@rsrglaw.com); Nathan Swanson; Steve Coronado (steve@coronadokatz.com); 'Steven Kratky'; Charlie Billings; Chet Pleban (cpleban@plebanlaw.com); 'Jeremy T. Staley'; Neil Bruntrager (njbatty@aol.com); Paul Martin (paul@paulmartinpc.com); Ray Bell (rbell@foleymansfield.com)
**Subject:** Written Depo Questions to Pamela Hupp


Counsel:

As you have seen, Pamela Hupp's attorney, Kim Freter, sent me a letter on March 9, copy attached, indicating that her client was taking the Fifth Amendment in response to Plaintiff's written depo questions.

The letter states that Ms. Hupp will provide no response to the depo questions other than the letter itself.

Ms. Freter's letter raises the question whether in circumstances such as these a person can take the Fifth Amendment by counsel, or whether a person must take the Fifth Amendment in person, question by question, with the responses signed and notarized.

I found the following three cases, in all of which the in person issue was not the direct question before the court, but in each of which the court seemed to accept a person taking the Fifth Amendment by counsel. See:

> The defendant in *Heubel* also expressly asserted, through counsel, his Fifth Amendment right to remain silent. *United States v. Smith*, 553 F. App'x 130, 134 (3d Cir. 2014)
>
> On March 16, 2011, the witness informed the government, through counsel, that he would not comply with the subpoena, citing the Fifth Amendment. *In re Grand Jury Subpoena*, 696 F.3d 428, 431 (5th Cir. 2012)
>
> After receipt of the subpoenas, the appellant indicated through counsel that he would assert his Fifth Amendment right against self-incrimination and would refuse to testify. In response, the government applied for and obtained an order granting the appellant use immunity pursuant to 18 U.S.C. §§ 6002 & 6003, and compelled him to testify before the grand jury. *In re Grand Jury*, 566 F.3d 12, 14 (1st Cir. 2009)

I therefore conclude that Ms. Freter's letter is sufficient to invoke the Fifth Amendment on Ms. Hupp's behalf.

I thus propose that all counsel stipulate that the letter from Ms. Freter will be deemed to be in all respects a lawful taking of the Fifth Amendment by Ms. Hupp, the equivalent of taking the Fifth Amendment in person question by question, with proper signature and notarization.

1

EXHIBIT 4

Because of our smooth relationships so far I also propose a negative check-off, such that I will assume that is satisfactory unless someone objects.

Let me know your thoughts, or by your silence I will presume you agree.

Bevis


W. Bevis Schock
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
Office: 314-726-2322
Fax:    314-721-1698
Cell:    314-757-0604
email:  wbschock@schocklaw.com

This email is from an attorney.
It may contain confidential information.
If you received the email in error, please delete the email and inform the sender of the problem.