UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL SCOTT FARIA, | |
| Plaintiff, | |
| v. | CASE NO. 4:16-cv-01175-JAR |
| SERGEANT RYAN J. MCCARRICK, DETECTIVE MICHAEL MERKEL, DETECTIVE PATRICK HARNEY, PROSECUTING ATTORNEY LEAH ASKEY, | |
| Defendants. | |

**DEFENDANTS' AND NON-PARTY WITNESS PAMELA HUPP'S JOINT
SUGGESTIONS IN OPPOSITION TO "PLAINTIFF'S MOTION TO COMPEL
PAMELA HUPP TO RESPOND TO WRITTEN DEPOSITION QUESTIONS, OR TO
FIND 5TH AMENDMENT PROPERLY TAKEN" (DOC. 53)**

COME NOW Defendants, by counsel (and non-party witness Pamela Hupp, by counsel), and respectfully submit these suggestions in opposition to Plaintiff's Motion to Compel. Defendants also respectfully request the Court, in its discretion, entertain oral argument on this issue, due to the unique circumstances of Plaintiff's Motion.

**Introduction**

As the Court is aware, Plaintiff Russ Faria was arrested, indicted, tried and convicted by a jury for the murder of his wife, Elizabeth Faria.  Pamela Hupp was a witness and subject of the Major Case Squad investigation into the murder.   The trial court prohibited Faria from arguing Pamela Hupp was a suspect for the murder. While his appeal of the murder conviction was pending (no oral argument or mandate issued), the Court of Appeals remanded the matter back to trial court to determine whether a new trial should be held based on new evidence.  The new evidence related

1

to the lawsuit by Elizabeth Faria's family against Hupp for failing to turn over life insurance proceeds she received because of a policy Elizabeth had transferred to Hupp prior to the murder. A new trial was granted, and Faria was found not guilty in a bench trial.

Plaintiff Faria then filed this civil rights case under 42 U.S.C. Section 1983 against the Defendants -- several members of the Major Case Squad, Sergeant Ryan McCarrick, Detectives Mike Merkel and Patrick Harney, Lincoln County, and Lincoln County Prosecuting Attorney Leah Askey. Plaintiff claims that the Defendants violated Plaintiff's constitutional rights by fabricating evidence or otherwise acting improperly in the investigation and ultimate prosecution of Plaintiff for the murder of Elizabeth Faria.

### The Basis for Plaintiff's Motion is Not Actual Discovery but an Attempt to Obtain an Improper Adverse Inference Against Defendants at the Expense of Pamela Hupp

As the Court will recall, Plaintiff originally subpoenaed Pamela Hupp for deposition in this case. Ms. Hupp is currently incarcerated in the St. Charles County Jail awaiting trial on the charge of murder of Louis Gumpenberger. The St. Charles County Prosecutor is seeking the death penalty. Ms. Hupp is represented by criminal defense counsel Kim Freter in this pending death penalty murder case. Attorney Freter originally filed a Motion to Quash the Plaintiff's initial subpoena for deposition. The Court granted that motion [Doc. 52]. Plaintiff was provided with the opportunity to re-notice the deposition by written deposition question to enable the parties and Attorney Freter to object.

Plaintiff submitted 92 written deposition questions to Ms. Freter [Doc. 53-2].[1]  On March 9, 2018, in response to those questions, Ms. Freter submitted to Plaintiff's counsel a letter

---

[1]  Pamela Hupp was interviewed multiple times by and gave evidence to the Major Case Squad in the investigation of the Faria murder. Faria was provided the Major Case Squad files. Hupp was deposed in the Faria criminal proceedings. Hupp testified in the first trial. Hupp was present in the courthouse during the second trial and available to testify.  Russ Faria's criminal defense attorneys (also his civil attorneys in this case) chose not to call her. Each

specifically stating "as was previously indicated to you, Ms. Hupp, through counsel, is invoking her rights pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendment to the United States Constitution and Article 1 Sections 2.10, 18(a), 19, and 21 of the Missouri Constitution to refuse to answer questions in Faria vs. McCarrick, et al... " [Doc. 52-3].  Plaintiff then filed the instant Motion.

Plaintiff's Motion appears to seek no direct relief against Defendants.  However, the relief sought could, if allowed, no doubt improperly prejudice Defendants (as well as Pamela Hupp in her death penalty case).  Plaintiff requests the Court to compel non-party witness Pamela Hupp (again, currently incarcerated and awaiting trial for capital murder in St. Charles County) to formally assert her Fifth Amendment Right to each of the 92 written deposition questions propounded.  Plaintiff alternatively asks the Court to issue an order finding that Ms. Hupp is properly taking the Fifth Amendment through Ms. Freter's March 9, 2018 letter, and that the letter will be deemed to be equivalent to her taking the Fifth Amendment in person in response to each of the written deposition questions.  Plaintiff's request has no support in the law.  Plaintiff's requests are not designed to actually discover any fact in this case but is an attempt to later assert an adverse inference against the Defendants that Hupp either killed Elizabeth Faria or was the most likely suspect (despite all of the other evidence which led to Russ Faria's initial conviction) or that somehow Defendants' other actions were illegal.

Plaintiff's Motion acknowledges his theory in this case that "Defendants ignored the obvious suspect, (whom Plaintiff asserts is Pamela Hupp), ignored exonerating evidence, and fabricated evidence."  Defendants wholeheartedly deny these allegations. Plaintiff wishes to create

---

question to which Faria now requests the Court to find Hupp has asserted the 5th Amendment privilege, could have been asked multiple times before.

an adverse inference in this case to attempt to support his theories by forcing Ms. Hupp's invocation of privilege to these 92 questions.

Pamela Hupp is not a party to this case and has no direct stake in the outcome of this civil case.  However, Ms. Hupp has everything to risk in her pending criminal case as she is potentially facing the death penalty.  Kim Freter indicated to plaintiff's counsel (and the Court at the January 12 conference) that <u>any</u> response to deposition questions propounded, including a formal plea of the 5th Amendment privilege would subject Ms. Hupp to jeopardy in her criminal case, particularly in sentencing.  Ms. Hupp certainly cannot be compelled to formally plead the 5th in her criminal trial when counsel has previously been notified of her intent to do so.  In that same vein, the Court cannot compel Ms. Hupp to plead the Fifth in this case for the sole purpose of allowing plaintiff some sort of adverse inference against Defendants.

### Analysis

The Courts in Missouri have consistently held that a witness cannot be called by either party to testify at a jury trial solely for the purpose of having the witness invoke the Fifth Amendment. *State ex rel. Jackson County Prosecuting Atty. v. Moorhouse*, 70 S.W.3d 552, 557 (Mo. App. 2002).  Only when there is some reasonable expectation that the witness will provide some legitimate testimony along with invoking the privilege will the witness be required to testify. *In re Berg*., 342 S.W.3d 374 (2011). In this case, the witness Pamela Hupp is facing a murder charge and according to this witness' criminal defense counsel, any testimony by the witness could be used in the penalty phase of the murder trial.  It is the Defendants' position that Ms. Hupp cannot be compelled to testify in this case having clearly invoked her Fifth Amendment rights, by counsel, clearly indicating that Ms. Hupp would not answer questions under oath whether written, by deposition, or in trial.

Typically use of the Fifth Amendment refusal to testify as an adverse inference in a civil case applies almost always in the circumstance where the witness is also a party to the civil case. *See Johnson v. Missouri Bd. Of Nursing Adm'rs*, 130 S.W.3d 619 (Mo. App. 2004); *see also Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976). In civil actions when the witness refuses to testify in response to probative evidence against them: the amendment "does not preclude the inference where the privilege is **claimed by a party** to a civil cause". *Id*. at 318 (emphasis added); *See also Mitchell v. U.S,* 525 U.S. 314, 328 (1999)(*same, citing Baxter*).

Plaintiff concedes he has found no on-point support for the relief he seeks, that is, for the Court to force non-party fact witness Pamela Hupp (who is again, also incarcerated) to formally invoke the 5th Amendment right to be free from self-incrimination in a civil case.[2]

However, the Court in *Cruce v. Auto-Owners Mut. Ins. Co.,* 851 S.W.2d 10 (Mo. App. 1993), addressed a similar situation to this situation and ruled against relief similar to Plaintiff's request herein.  In *Cruce*, witness Larry Pointer was incarcerated awaiting a murder trial and was subpoenaed to testify at a trial between the owner of a restaurant, Betty Cruce, against Auto-Owners Mutual Insurance Company for an insurance claim for a fire that occurred at Ms. Cruce's restaurant.  Apparently, there had been questions about Mr. Pointer's role in the fire that destroyed the restaurant.  Mr. Pointer's counsel advised the Court that it was Mr. Pointer's intention to take the Fifth Amendment after he stated his name.  The insurance company asked that the Court force

---

[2]   The cases cited by plaintiff in the instant Motion and counsel's e-mail to Kim Freter [Doc. 53-4], do not support the plaintiff request herein.  None involve a forced invocation of the witnesses' 5th Amendment rights in a civil case where the witness was subject to the threat of adverse consequences or additional jeopardy such as Ms. Hupp.  *See United States v. Smith*, 553 F.App'x 130, 134 (3rd Cir. 2014)(in civil probation revocation hearing no 5th amendment violation because no realistic threat of additional incrimination in a separate proceeding); *See In Re Grand Jury Subpoena*, 696 F.3d 428, 431 (5th Cir. 2012)(Court did not accept the assertion of 5th Amendment because the privilege not allowed under "required records doctrine" for maintaining certain financial and banking records); *See In Re Grand Jury,* 566 F.3d 12, 14 (1st Cir. 2009)(issue was 1st Circuit precedent of particularized need for witness to have access to prior grand jury testimony, given under use immunity from the government,  before additional grand jury testimony, after government warning that use immunity would not be given for subsequent false testimony.)

Mr. Pointer to take the stand and state before the jury that he was taking the Fifth Amendment and refusing to answer questions concerning the fire and his apparent prediction that there would be a fire at the restaurant. The trial court required Pointer to take the stand over the insurance company's objection.  When Mr. Pointer was asked questions about the fire and his prediction about the fire, he refused to answer and exercised his Fifth Amendment right. The Missouri Court of Appeals found that the Court's requirement that Mr. Pointer take the stand to exercise his Fifth Amendment right was improper.  Plaintiff knew that Mr. Pointer would not testify but intended to use the refusal to testify as an adverse inference that Mr. Pointer was, in fact, involved in the fire.  The Court of Appeals made a point of looking to whether or not Mr. Pointer had an interest in the insurance proceeds and the outcome of the lawsuit in considering his refusal to testify. The Court said specifically: "also are the facts that Mr. Pointer was not a party and claimed no interest in the insurance proceeds.  Mr. Pointer had claimed an interest in the insurance proceeds and had he been a party to the suit the refusal to testify about relevant events may have been appropriate for the jury to hear." *Id.* at 14. The Court reversed the judgment of the Trial Court stating that Plaintiff should not have been allowed to call Mr. Pointer as a witness for the purpose of asserting his Fifth Amendment right. The *Cruce* case is persuasive and should guide the Court in denying Plaintiff's Motion herein.

Again, Pamela Hupp has no interest in the outcome of this civil rights case. She has no interest in the proceedings and she is not a party.[3] There is no legal basis to compel Pamela Hupp

---

[3]  Nor is Pamela Hupp in the special relationship with any Defendant in this case, such as of a former employee or corporate officer or director of a corporation or organization that is a party to a civil suit. *See Cerro Gordo Charity v. Fireman's Fund American Life Ins. Co.*, 819 F.2d 1471, 1480-1482 (8th Cir. 1987)(the court allowed the defendant insurance company in a fraud case inform the jury that the former director and controlling member of Plaintiff charity invoked his 5th Amendment privilege, considering there was other evidence presented that the witness had sought to perpetrate fraud on insurance companies; court refuses to announce a blanket rule, preferring to consider issue on case by case basis); *See  Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 522-523 (8th Cir.)(In Tribe's suit against A&P for fraud, corruption and breach of contract, appeals court rule error for trial court to not allow Tribe to call its

to testify in this case—either by written deposition or by written interrogatory.[4]  Her testimony or her refusal to testify has far greater impact on the outcome of her pending criminal matter than any impact—positive or negative—in this civil case.  Moreover, there is no reason for the exercise of her Fifth Amendment right to be brought before a jury in this case, and thus no reasonable basis for a finding by this Court that Ms. Hupp properly took the Fifth Amendment to the 92 questions in written deposition form submitted to her by Plaintiff.  The Court should simply deny the instant Motion.

Plaintiff suggests the Defendants should have submitted their own objections or written questions to Ms. Hupp's attorney (or waived the opportunity to do so).  With Kim Freter's letter ("As such, Ms. Hupp will not be responding to your 'Deposition Questions' on advice of counsel in the pending criminal matter.") *[Doc. 53-3],* additional objections or written questions to Ms. Hupp by Defendants' would be futile, and therefore unnecessary (until Plaintiff filed the instant motion to compel).

The information sought through the subject written deposition questions have already been explored.  Specifically, Ms. Hupp was interviewed multiple times in the underlying criminal case, she has been deposed and was cross-examined in the first criminal trial by Joel Schwartz, who now seeks to depose Ms. Hupp on behalf of Plaintiff Faria.  If the party seeking information can easily obtain it without burdening a nonparty, the court will quash a subpoena.  *Nachurs Alpine Sols.,*

---

Chairperson, Richard Long Dog, at retrial to assert his 5th amendment privilege, after A&P was allowed to introduce Long Dog's deposition testimony, which the court found likely contained perjury, to counteract the unfair advantage; the Court declined to announce any blanket rule legitimizing all attempts to require a witness to invoke the privilege before the jury.); *See also See also Brink's Inc. v. City of New York,* 717 F.2d 700 (2d Cir.1983), and *RAD Servs., Inc. v. Aetna Casualty & Sur. Co.,* 808 F.2d 271 (3d Cir.1986), wherein the Second and Third Circuits, respectively, held that it was permissible to allow the invocation of the privilege to be made known to the jury when it is invoked by a non-party who was a former employee of a company that is a party to the litigation.

[4]   The Defendants have also stated the willingness to stipulate to Pamela Hupp's unavailability at trial and will agree not to comment on her lack of appearing or testifying at trial.

*Corp. v. Nutra-Flo Co.*, No. 15-CV-4015-LTS, 2017 U.S. Dist. LEXIS 58094, at *14 (N.D. Iowa Apr. 17, 2017).  In the absence of extenuating circumstances, information discoverable from both a nonparty and a party must be obtained from the party.  *Id*. citing (*Ingersoll v. Farmland Foods, Inc.*, 2011 U.S. Dist. LEXIS 31872 (Mo. App. W.D. 2011).  "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" for discovery.  *Miscellaneous Docket Matter 1 v. Miscellaneous Docket Matter 2*, 197 F.3d 922, 927 (8th Cir. 1999).  The District Court noted that because the party seeking to depose an individual had an opportunity to ask certain questions but failed to do so, an additional deposition would be an unnecessary and undue burden.  *Id*. at 924.  Here, the information sought 1.) has already been answered and 2.) if not, Plaintiff's attorneys could have explored all of these matters in depositions or at trial during the underlying criminal case.

Finally, the discovery sought is irrelevant and therefore, not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's claims are I.) Fourth Amendment Initial Seizure without Probable Cause (McCarrick); II.) Fourth Amendment Second Seizure without Probable Cause (McCarrick); III.) Fourth Amendment Second Seizure and Incarceration without Probable Cause (Askey); and IV.) Fourth and Fourteenth Amendment Conspiracy to Seize Faria and Deny Substantive Due Process (All)[5].  Doc. 1.  The subject written deposition questions do not make Plaintiff's claims more or less likely and therefore, are wholly irrelevant and not likely to lead to the discovery of admissible evidence.  Discovery may not be had on matters irrelevant to the subject matter involved in the pending action.  *Miscellaneous Docket Matter 1*, at 925.

**ORAL ARGUMENT REQUESTED**

---

[5] Count V was dismissed without prejudice by Plaintiff.  Doc. 39.

Respectfully Submitted,

PLEBAN & PETRUSKA LAW, LLC

/s/ J.C. Pleban
J.C. Pleban MBN 63166
C. John Pleban MBN 24190
Steven R. Kratky MBN 61442
2010 South Big Bend Road
St. Louis, Missouri 63114
Telephone: (314) 645-6666
Fax: (314) 645-7376
jc@plebanlaw.com
cpleban@plebanlaw.com
skratky@plebanlaw.com
Attorneys for Defendant Michael Merkel

CORONADO KATZ LLC

/s/ Christopher L. Heigele
Steven F. Coronado MBN 36392
Christopher L. Heigele MBN 45733
14 W. Third, Suite 200
Kansas City, MO 64105
Telephone: (816) 410-6600
Facsimile: (816) 337-3892
steve@coronadokatz.com
chris@coronadokatz.com
Attorneys for Defendant Askey

KING KREHBIEL & HELLMICH, LLC

/s/ Jason S. Retter
Robert J. Krehbiel
Jason S. Retter MBN 59683
2000 South Hanley Road
St. Louis, MO 63144-1524
Telephone: (314) 646-1110
Fax: (646) 1122
rkrehbiel@kingkrehbiel.com
Attorney for Defendants McCarrick, Merkel
and Harney

BARKLAGE, BRETT & HAMILL. PC

/s/ Joel D. Brett
Joel D. Brett MBN 33471
211 N. Third Street
St. Charles, MO 63301
Telephone:  (636) 949-2120
Facsimile (636) 949-8786
jbrett@barklage-brett.com
Attorney for Defendant Lincoln County


/s/ Kim C. Freter
Kim C. Freter MBN 47777
222 S. Meramec, Suite 1100
Clayton, MO 63105
Telephone:  (314) 721-6565
Fax:  (314) 269-1042
kinfed@freterlaw.com
Attorney for Non-Party Witness Pamela
Hupp


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Court via the ECF filing system on April 9, 2018, causing notice to be sent electronically, to:

W. Bevis Schock MBN 32551
777 Bonhomme Ave., Suite 1300
St. Louis, MO 63105
Telephone: (314) 726-2322
Fax:  (314) 721-1698
wbschock@schocklaw.com
Attorneys for Plaintiff

Joel J. Schwartz MBN 39066
Nathan T. Swanson MBN 62616
Rosenblum, Schwartz, Rogers and Glass
120 S. Central, Ste. 130
Clayton, MO 63105
Telephone:  (314) 862-8050
Fax:  (314) 862-4332
jschwartz@rsrglaw.com
nswanson@rsrglaw.com
Attorneys for Plaintiff

/s/ J.C. Pleban
Attorneys for Defendant Michael Merkel