UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL SCOTT FARIA,<br><br>           Plaintiff,<br><br>v.<br><br>SERGEANT RYAN J. MCCARRICK,<br>DETECTIVE MICHAEL MERKEL,<br>DETECTIVE PATRICK HARNEY,<br>PROSECUTING ATTORNEY LEAH<br>ASKEY,<br><br>           Defendants. | CASE NO. 4:16-cv-01175-JAR |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME AND MOTION FOR EQUITABLE RELIEF IN CONNECTION WITH PLAINTIFF'S RESPONSES TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DAUBERT MOTIONS**

      Defendants McCarrick, Merkel, Harney, Askey, and Lincoln County, jointly and by undersigned counsel, oppose, for the following reasons, Plaintiff's motion for additional time, (Doc. No. 102), and respectfully move the Court for an order curing the patently abusive and unfairly prejudicial nature of Plaintiff's responses to their separate motions for summary judgment and joint motions to exclude Plaintiff's expert witnesses.  In support of this motion, the Defendants state as follows:

      1.      On October 25, 2018, Plaintiff moved for leave to, among other things, file one memorandum in response to five motions filed by the Defendants.  (Doc. No. 98.) Therein, Plaintiff represented that these responses would require more than 100 pages.

2. The Court denied this motion, but granted Plaintiff leave to file individual responses in excess of the 15-page limit if any of the individual responses ran longer than the 15 pages set forth in Local Rule 7-4.01(D).  (Doc. No. 101.)

3. Plaintiff's responses were each due on October 29, 2018.  (Doc. No. 93.)

4. On October 29, 2018, Plaintiff moved for additional time to file his responses, representing to the Court that the Court's ECF System was apparently struggling under the weight of his attempts to file "nine separate pleadings plus 86 exhibits including 44 depositions, 2 trial transcripts and 40 other exhibits" in excess of several thousand pages.  (Doc. No. 102.)  The Defendants did not oppose Plaintiff's request.

5. The Court has not ruled on Plaintiff's October 29, 2018, request for additional time.

6. On October 30, 2018, Plaintiff filed the following:

   a. an 18-page Memorandum in Opposition to Motion to Strike Plaintiff's Expert Norton (Doc. No. 104);

   b. a 103-page Memorandum in Opposition to Defendants McCarrick, Merkel, Harney's Motion for Summary Judgment (Doc. No. 105);

   c. a 78-page Response to these Defendants' Statement of Facts (Doc. No. 106);

   d. a 111-page Memorandum in Opposition to Defendant Askey's Motion for Summary Judgment (Doc. No. 107);

   e. a 56-page Response to Defendant Askey's Statement of Facts (Doc. No. 108);

  f. a 13-page Memorandum in Opposition to Defendant Lincoln County's Motion for Summary Judgment (Doc. No. 109); and

  g. an 11-page Response to Defendant Lincoln County's Statement of Facts (Doc. No. 110).

7. On October 31, Plaintiff filed his 25-page Memorandum in Opposition to the Defendants' Motion to Strike Plaintiff's Expert Noble.  (Doc. No. 112; *see also* Doc. No. 111.)

8. As Plaintiff has noted, the Defendants' three motions for summary judgment and two *Daubert* motions total 104 pages.

9. Plaintiff's responses to these same motions total 415 pages.

10. Although the Court granted Plaintiff leave to file responses in excess of the 15-page limit, Plaintiff's cumulative filings, particularly the 103- and 111-page memoranda in response to motions for summary judgement, are an abuse of the Court's order and unfairly prejudice the Defendants.

11. When the Defendants represented to Plaintiff's counsel and the Court their anticipated consent to any "reasonable" request Plaintiff might have made regarding the page-length of his response memoranda (Doc. No. 99), no Defendant contemplated separate memoranda in excess of 100 pages.  Surely, nothing in Plaintiff's motion to file an "omnibus" memorandum gave Defendants or the Court any fair or reasonable indication that he might file separate memoranda more than seven-times longer than the Court's 15-page limit.

12. Further, Plaintiff's purported statements of "additional facts," (the exact same 140 paragraphs for each of the three motions for summary judgment, (*see, e.g.*, Doc. No. 106 at 36)), are not permitted.  Local Rule 7-4.01 (E) provides *only* for a

*response to the movant's statement of facts*, to which the non-movant must respond by specific reference to "the paragraph number from *the movant's* listing of facts." (L.R. 7-4.01(E) (emphasis added). Nothing in Local Rule 7-4.01 (E) (regarding movant's statement of uncontroverted material facts) or (F) (regarding non-movant's response) requires, allows, or even contemplates a non-movant filing "additional facts" to which the movant is required to respond/reply.

13. Even if the Court permits submission of a statement of "additional facts" by the non-movant in this case, those filed by Plaintiff are abusive in their unnecessary length and by Plaintiff's incoherent clustering of discrete, unrelated facts. The muddling together of unrelated fact statements disregards this Court's requirement that movant's "set forth in a separately numbered paragraph for *each fact*, indicating whether each fact is established by the record, and, if so, the appropriate citations." L.R. 7-4.01(E). Plaintiff utterly fails to set forth each "fact" in a separately numbered paragraph; instead, nearly all of the 140 paragraphs contain numerous, obviously distinct and often unconnected "facts." Plaintiff's identical statements begin with a single numbered paragraph with multiple fact statements including (1) about the Faria's home address and (2) who resided at that address, (3) that "Betsy was brutally murdered," (4) that Plaintiff spent time in jail, and (5) that Plaintiff was acquitted at a second trial. (*See, e.g.*, Doc. No. 106, ¶108.) Paragraphs 110, 112, 114, 115, 118, 125, 126, are but a few early representative examples of the absolute failure to conform with Local Rule 7-4.01(E) that pervades "Plaintiff's Additional Facts." (*See* Doc. No. 106, 108, and 110, *passim*.) There is simply no reasonable yet meaningful way for the Defendants, the movants, to respond to these jumbled fact statements.

14. Together, Plaintiff's two 100-page memoranda and his 42-pages of "additional facts" filed in response to each of the Defendants' motions for summary judgment are unduly burdensome, unfairly prejudicial, in violation of this Court's Rules, and, surely, abusive of the trust this Court placed in Plaintiff when granting general leave to file responses in excess of the 15-page limit.

15. For these reasons, the Defendants respectfully move the Court for an order:

  a. denying Plaintiff's motion for additional time to file his responses (Doc. No. 102);

  b. grant or permit Plaintiff additional time to file his responses subject to the Court's further orders;

  c. setting a 30-page limit for each of Plaintiff's responsive memoranda;

  d. prohibiting Plaintiff from filing any "additional facts" to which each Defendant would, presumably, be required to respond as if they were the non-movant(s) *or, in the alternative*, requiring Plaintiff to set forth any "additional facts" in the same manner as required of a movant, with each purported fact in a separately numbered paragraph as required by movants under Local Rule 7-4.01(E);

  e. granting Defendants 21 days, from the date of Plaintiff's filing of such responses, to file their replies; and,

  f. for any other relief the Court deems just, necessary, or otherwise in the promotion of justice.

16.     Alternatively, should the Court deny the foregoing prayer for relief, the Defendants respectfully move the Court for an order granting the Defendants additional time to file their replies, until November 30, 2018.

17.     The Defendants' replies are due on November 8, 2018.  (Doc. No. 93.)

18.     Due to (1) the sheer volume of Plaintiff's responsive filings, (2) the rambling and improper form of Plaintiff's responses, (3) the November holidays and associated travel required of some defense counsel, and (4) the press of business, the Defendants require this additional time to properly and adequately reply to Plaintiff's responses.

19.     Accordingly, the Defendants pray for an extension of time to file their replies to Plaintiff's responses on or before November 30, 2018.

20.     This request, and the primary relief prayed for by Defendants in this motion, are made for no improper purpose, including to simply delay the proceedings. The Defendants believe that the relief requested, in the main and in the alternative, will not prejudice Plaintiff or the Court and will promote justice and judicial economy.

WHEREFORE, Defendants McCarrick, Merkel, Harney, Askey, and Lincoln County respectfully request that the Court deny Plaintiffs denying Plaintiff's motion for additional time to file his responses (Doc. No. 102), grant or permit Plaintiff additional time to file his responses, each with a 30-page limit; prohibiting Plaintiff from filing any "additional facts" *or* require Plaintiff to set forth any "additional facts" in the same manner as required by a movant, with each purported fact in a separately numbered paragraph as required by movants under Local Rule 7-4.01(E), and grant Defendants additional time, 21 days from the date of Plaintiff's filing of such responses, to file their replies.  Alternatively, the Defendants pray for an order granting them additional time,

6

until November 30, 2018, to file their reply memoranda and related documents. Finally, the Defendants pray for any other relief the Court deems just, necessary, or otherwise in the promotion of justice.

        Respectfully Submitted,

        KING, KREHBIEL & HELLMICH, LLC

        _____
        JASON S. RETTER

        Jason S. Retter        MBN 59683MO
        Robert J. Krehbiel        MBN 28616MO
        King, Krehbiel & Hellmich, LLC
        2000 South Hanley Road
        St. Louis, MO 63144-1524
        Telephone: (314) 646-1110
        Fax: (314) 646-1122
        jretter@kingkrehbiel.com
        *Attorneys for Defendants McCarrick,*
        *Merkel and Harney*

        CORONADO KATZ LLC

        /s/ Christopher L. Heigele      .
        Steven F. Coronado        MBN 36392
        Christopher L. Heigele        MBN 45733
        14 W. Third, Suite 200
        Kansas City, MO 64105
        Telephone: (816) 410-6600
        Facsimile: (816) 337-3892
        steve@coronadokatz.com
        chris@coronadokatz.com
        *Attorneys for Defendant Askey*

/s/ Joel D. Brett
Joel D. Brett                              MBN 33471
Barklage, Brett & Hamill, P.C.
211 N. Third Street
St. Charles, MO 63301
Telephone: (636) 949-2120
Facsimile (636) 949-8786
jbrett@barklage-brett.com
*Attorney for Defendant Lincoln County*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2018, a true and accurate copy of the foregoing was filed electronically using the Court's e-filing system, which sent notification of the filing to:

| | |
|---|---|
| W. Bevis Schock | Joel J. Schwartz |
| MBN 32551 | MBN 39066 |
| 777 Bonhomme Ave., Suite 1300 | Nathan T. Swanson |
| St. Louis, MO 63105 | MBN 62616 |
| Telephone: (314) 726-2322 | Rosenblum, Schwartz, Rogers and Glass |
| Fax: (314) 721-1698 | 120 S. Central, Ste. 130 |
| wbschock@schocklaw.com | Clayton, MO 63105 |
| Attorneys for Plaintiff | Telephone: (314) 862-8050 |
| | Fax: (314) 862-4332 |
| | jschwartz@rsrglaw.com |
| | nswanson@rsrglaw.com |
| | Attorneys for Plaintiff |

_____
JASON S. RETTER
KING, KREHBIEL & HELLMICH, LLC

8